Decided September 6, 1983.

*Douglas W. Alexander,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.

66334. THE STATE v. STEPHENS.

Sognier, Judge.

The trial court granted appellee's motion to suppress evidence and the state appeals.

After observing a vehicle driven by Oscar Blue cross the center line of Highway 441 in Laurens County, Georgia, deputy sheriff Wayne Hooks stopped the vehicle. Blue had a strong odor of alcohol, his eyes were bloodshot and two open cans of beer were between Blue and appellee, Stephens, a passenger in the car. Hooks arrested Blue for DUI and placed him in the rear of Hooks' patrol car. He then ordered appellee and another passenger out of the car and searched them; a small packet of marijuana was found in appellee's right front pants pocket. Hooks testified that when he searched appellee he was looking for weapons and to prevent the destruction of evidence that might be used in Blue's DUI case. Based on this evidence the trial court ruled that there was no legal basis for a search of appellee and therefore, granted his motion to suppress the evidence. The state appeals that ruling.

The state argues that under the ruling in Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), Hooks had the right to search appellee, and had the right to prevent the disposal or concealment of evidence under the provisions of Code Ann. § 27-309 (now OCGA § 17-5-28). We do not agree.

Code Ann. § 27-309 pertains to searches conducted pursuant to a warrant and has no application to the facts of this case. Although Terry, supra, holds that when a reasonably prudent police officer is warranted in believing that his safety is endangered he may make a reasonable search for weapons of a person believed by him to be armed and dangerous, "such a search . . . is not justified by any need to prevent the disappearance or destruction of evidence of crime. The sole justification of the search . . . is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Id. at 29. Terry limited such searches to the outer clothing by use of the

so-called "pat-down" search.

In the instant case there were no adequate grounds for Hooks to search appellee for weapons, since Hooks had no reason to believe that appellee was armed and dangerous. See Sibron v. New York, 392 U. S. 40 (4(b)) (88 SC 1889, 20 LE2d 917). Further, even if arguably there was such justification, there was no limited exploration or pat-down of appellee's outer clothing, but a complete search. The search cannot be justified as incident to a lawful arrest, since no probable cause to arrest existed before the search. Id. at 42 (4(a & b)).

Our Supreme Court has held that "the trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous." *Woodruff v. State,* 233 Ga. 840, 844 (3) (213 SE2d 689) (1975). The trial court's findings in the instant case are supported by the evidence and are not clearly erroneous; hence, the court's ruling on the motion to suppress is to be accepted. *Pittman v. State,* 162 Ga. App. 51, 52 (2) (289 SE2d 531) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Beverly B. Hayes, Jr., District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellant.

*Floyd Mincey,* for appellee.