## A89A1317. TRAVIS v. THE STATE.
### (385 SE2d 779)

BANKE, Presiding Judge.

Following the denial of his motion to suppress, the appellant, while specifically reserving the right to appeal that ruling, pled guilty to an indictment charging him with possessing cocaine in violation of the Georgia Controlled Substances Act. This appeal followed.

Based upon information provided by a confidential informant that drugs were being "sold, stored and concealed" at a specified residence in DeKalb County, Georgia, a warrant was issued for the search of the premises. The warrant additionally authorized the search of two described individuals believed to be violating the Controlled Substances Act, as well as "any person on said premises . . . for the discovery and seizure" of cocaine. Although the appellant was present on the premises during the execution of the warrant, he was not named in the warrant and was not a resident of the house.

Detective Brown of the City of Atlanta Narcotics Squad testified that after the officers executing the warrant knocked on the front door and identified themselves, they heard scuffling inside, whereupon, having received no response to their knocking, they forcibly entered the residence. Brown stated that at this time he gave chase to the appellant as the latter ran from the kitchen down a flight of stairs to the basement and through a back door into the backyard, where he

was apprehended by another officer. Brown testified that he believed the appellant might be trying to dispose of contraband and that he might be armed and dangerous. An immediate patdown search of the appellant was conducted, following which he was taken into the house and searched more thoroughly. The second search resulted in the discovery of two small bags of cocaine on his person. The appellant testified that he had arrived at the house some 15 minutes prior to the execution of the warrant and that he was merely visiting the residence, which belonged to his uncle. *Held*:

OCGA § 17-5-28 provides as follows: "In the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time: (1) To protect himself from attack; or (2) To prevent the disposal or concealment of any instruments, article, or things particularly described in the search warrant." It has been held that this statute "does not limit the officer's right to search persons as to whom probable cause for a warrantless search exists." *Wallace v. State*, 131 Ga. App. 204, 205 (205 SE2d 523) (1974). See also *Campbell v. State*, 139 Ga. App. 389 (228 SE2d 309) (1976).

" 'Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. [Cits.] . . . (F)light in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. [Cits.]' " *State v. Billoups*, 191 Ga. App. 834, 835 (383 SE2d 162) (1989). See also *Cook v. State*, 136 Ga. App. 908, 909 (1) (222 SE2d 656) (1975); *Banks v. State*, 187 Ga. App. 280, 282 (370 SE2d 38) (1988); *Moore v. State*, 155 Ga. App. 721 (1) (272 SE2d 575) (1980); *Green v. State*, 127 Ga. App. 713, 715 (194 SE2d 678) (1972).

In the present case, the appellant's presence on the premises at the time the warrant was executed, coupled with his flight, provided probable cause for a belief that he was in possession of, or was at least a party to the possession of, unlawful contraband. "It is settled law that an officer at the time of a lawful custodial arrest may, even without a warrant, make a full search of the person of the accused. [Cit.]" *Clark v. State*, 184 Ga. App. 380, 383 (361 SE2d 682) (1987). It follows that the motion to suppress was properly denied.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Stephen T. Maples, Gregory N. Crawford,* for appellant.
*Robert E. Wilson, District Attorney, Fran Shoenthal, Robert M.*

*Coker, Assistant District Attorneys*, for appellee.