## A94A1725. PARKER v. THE STATE.
### (450 SE2d 870)

RUFFIN, Judge.

Kenneth Parker was indicted for possession of LSD with the intent to distribute. Following the denial of his motion to suppress, he entered a guilty plea and attempted to reserve the right to appeal the denial of his motion to suppress pursuant to *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991). Parker appealed from the entry of the judgment of conviction and sentence to this court. See *Parker v. State*, 211 Ga. App. 187 (438 SE2d 664) (1993). On appeal, a majority of this court held that it could not determine, based on ambiguities in the record, whether the trial court made and *expressly* set forth the critical determination that it approved the reservation of the right to appeal the denial of the motion to suppress and accepted the guilty plea with that condition in accordance with *Mims*. See id. at 191. Therefore, we vacated the trial court's judgment and "remanded to the trial court for a plea hearing at which the trial court may *clearly* exercise its discretion in accordance with *Mims* . . . , supra. Should

---

the trial court permit defendant Parker to enter a guilty plea 'with a reservation of an appellate issue,' defendant may bring an appeal submitting those issues." Id. (Emphasis in original.)

On remand, a second plea hearing was held, and Parker again attempted to enter a guilty plea, expressly reserving the right to appeal the denial of his motion to suppress. The colloquy between the trial court, the assistant district attorney, and defense counsel indicates that the parties were cognizant of our previous decision. Both defense counsel and the assistant district attorney stated that the purpose of the hearing was to allow Parker to enter a conditional plea so that he could appeal the denial of his motion to suppress. The trial court did not indicate it would not accept the guilty plea with a reservation. While it appears the court was attempting to act pursuant to our direction, after being informed that Parker intended to enter such a plea, the trial court again, inexplicably, failed to enter the guilty plea "with a reservation of an appellate issue" as we directed. The direction given by this court could not have been clearer; however, neither the transcript of the hearing nor the judgment recite that the court accepted the guilty plea and entered the judgment with a reservation. Parker now appeals from that judgment.

We cannot consider the merits of an appeal from the denial of Parker's motion to suppress without an express reservation approved by the trial court. See *Mims*, supra at 279. Therefore, we have no choice but to once again vacate the trial court's judgment and Parker's guilty plea and remand to the trial court for yet another plea hearing. If the court decides to accept Parker's guilty plea with a reservation in accordance with *Mims*, that decision shall be *clearly* set forth on the record and in the judgment of the court. After the entry of the court's judgment, Parker may appeal the denial of his motion to suppress.

We are mindful that in *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994), we disapproved the conditional plea procedures established in *Mims* henceforth; however, since the entry of a proper conditional plea would otherwise have preceded the effective date of *Hooten*, but for the trial court's failure to follow our previous decision, Parker will not be barred by *Hooten* from entering such plea on remand.

*Judgment vacated and case remanded. McMurray, P. J., Birdsong, P. J., Andrews and Smith, JJ., concur. Pope, C. J., Beasley, P. J., Johnson and Blackburn, JJ., dissent.*

BEASLEY, Presiding Judge, dissenting.

As in the previous appearance of this case before this court, I agree with my brother's dissent. In addition, I adopt Division 2 of my previous dissent.

BLACKBURN, Judge, dissenting.

As I dissented from the majority opinion in Parker's first appeal wherein this issue was before us, I am even more compelled to dissent herein. Again, the majority remands this case on the grounds that the trial court did not expressly accept Parker's guilty plea and approve his reservation of the right to appeal the denial of his motion to suppress.

1. The record makes it very clear that the court understood the purpose of the hearing was to enter Parker's guilty plea and reserve his right to appeal the trial court's denial of his motion to suppress, pursuant to *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991). Counsel for the defendant and the prosecution both set forth affirmatively that Parker's guilty plea was conditioned on his reservation of the right to appeal the denial of his motion to suppress, which the court then accepted. Furthermore, neither have objected on appeal. To require the pronouncement of "magic" words such as "I approve the reservation of the issue and accept the guilty plea with that condition," in these circumstances puts form over substance. In view of our holding in *Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994), in which the within conditional plea procedure, with reservation of the right to appeal, has been disapproved for future cases, there seems no need to require strict compliance with the plea entry procedure in the subject case.

"The trial judge is presumed to know the law and presumed to faithfully and lawfully perform the duties devolving upon it by law." (Citations and punctuation omitted.) *In the Interest of A. L. L.*, 211 Ga. App. 767, 770 (440 SE2d 517) (1994). The trial judge proceeded with resentencing after being fully informed by both parties of the defendant's intent to appeal the denial of his motion to suppress. By his actions, the trial judge expressly approved Parker's plea and implicitly approved the reservation of defendant's right to appeal.

2. With regard to the merits of this case, the trial court erred in denying Parker's motion to suppress. At the hearing on Parker's motion to suppress, the arresting officer testified that around 2:30 p.m. on September 10, 1992, a reliable confidential informant gave him a tip that a red Honda containing LSD would arrive in Doerun between 4:30 to 5:00 p.m. that afternoon and would stop at the only Zippy Mart in that town. The Honda would be occupied by one individual named Wendy Weldon, another individual named Tracy, and possibly one other person. The officers did not believe they had time to apply for a search warrant, and instead proceeded to set up a stakeout of the location. Two police officers waited inside the Zippy Mart, and two officers remained in an unmarked car and followed the red Honda to the Zippy Mart when it arrived as the informant had predicted.

The officers in the unmarked car pulled into the Zippy Mart

parking lot and blocked the exit of the red Honda. Tracy Adair was the driver, and Wendy Weldon and Parker were passengers in the Honda. All three occupants were ordered to get out of the car, and Adair consented to the search of the vehicle. Parker placed his hands on the roof of the car as instructed by the officers, and one of the officers searched him, first by removing his wallet and looking in it and then by reaching into Parker's front pocket of his trousers, where over 130 "hits" of LSD were discovered. It is undisputed that Parker did not consent to this search. On appeal, Parker contends that his mere presence in the red Honda did not justify this warrantless search of his person, and I agree.

A person's mere proximity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person. *Ybarra v. Illinois*, 444 U. S. 85 (100 SC 338, 62 LE2d 238) (1979). More specifically, by one's mere presence in a suspected automobile, a person does not forfeit his immunities from searches of his person that he otherwise enjoys. *United States v. Di Re*, 332 U. S. 581 (68 SC 222, 92 LE2d 210) (1948).

OCGA § 17-5-28 authorizes an officer, during the execution of a search warrant, to detain or search any person in the place at the time in order to protect himself from attack, or to prevent the disposal or concealment of the subject matter of the warrant. That Code section pertains only to searches conducted pursuant to a warrant, and thus has no application in the instant case. *State v. Stephens*, 167 Ga. App. 707 (307 SE2d 518) (1983). Nevertheless, even under that statute, a search of an individual not named in the warrant may not be upheld where there is no nexus between that individual and the suspected criminal activity, other than mere presence, unless independent probable cause existed for a warrantless search of the individual. See *State v. Anderson*, 195 Ga. App. 793 (395 SE2d 50) (1990); but compare *Travis v. State*, 192 Ga. App. 695 (385 SE2d 779) (1989). The same principle must apply where no warrant is obtained.

In the instant case, although the tip received by the arresting officers revealed the identity of two occupants traveling in the car, it did not identify Parker. The only connection shown between Parker and the two occupants identified by the informant was his mere presence in the vehicle. When Parker exited the vehicle as instructed by the officers, he was cooperative and made no gesture or movement that would indicate a threat or concealment of evidence. Cf. *Travis v. State*, supra. Although the arresting officers articulated no concern that Parker may have been armed, under these circumstances the officers may have been authorized to perform a pat-down of Parker's outer clothing for weapons, but the officers exceeded that permissible intrusion and conducted a complete search of Parker, which was unjustified by Parker's mere presence in the vehicle or by any indepen-

dent probable cause. *State v. Stephens*, supra; *State v. Anderson*, supra. For that reason, the trial court should have granted Parker's motion to suppress the evidence seized during that search.

I am authorized to state that Chief Judge Pope, Presiding Judge Beasley and Judge Johnson join in this dissent.

DECIDED DECEMBER 2, 1994.

*J. Michael Mullis*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.