A98A0899. LEDFORD v. THE STATE.
(504 SE2d 512)

SMITH, Judge.

Charles Terry Ledford was indicted on one count of possession of methamphetamine with intent to distribute. He filed a motion to suppress evidence, which was denied after a hearing. Following a bench trial, Ledford was found guilty as charged. He appeals, contending in two enumerations of error that his motion to suppress was wrongly denied.

The evidence presented at the hearing on the motion to suppress consisted entirely of the testimony of the arresting officer, Sergeant David Spillers of the Hall County Sheriff's Department. Spillers testified that while in charge of the Hall County Multi-Agency Narcotics Squad (MANS), he worked on a drug investigation in conjunction with the Piedmont-Northern MANS Unit. In the course of that investigation, Spillers provided information from a confidential informant to Investigator Steve Barnhart of the Piedmont-Northern MANS Unit. Based upon that information, Barnhart obtained a search war-

rant for certain premises in Jackson County. That warrant was executed on June 22, 1995, by officers from both MANS Units.

Spillers and another officer had earlier taken up positions in a concealed location at the edge of woods near the back door. Part of their assignment was to ensure that they "reduced or prevented any flight from the back door" during the execution of the warrant. He testified that other officers came to the location in a pickup truck and approached the front door. When the officers began executing the warrant, Spillers heard "a commotion inside the house — loud talking and bumping and thumping around." Spillers then saw Ledford and another man come "flying out the back door." Spillers testified that because of his position, Ledford and the other man "weren't actually running away from me. They were running to me. . . . They were running away from the agents that were executing the warrant at the front of the house."

Spillers stopped Ledford, placed him on the ground, and searched him. The search of Ledford's person revealed a double plastic bag containing suspected methamphetamine. Ledford was not named in the warrant, but the warrant specifically authorized a search for methamphetamine.

1. Ledford contends his motion to suppress should have been granted because the search of his person was unlawful. He argues that Spillers's search of Ledford's person was not authorized under OCGA § 17-5-28. "This statute by necessary implication describes the limited circumstances in which the executing officer may search persons not identified in the warrant incident to a legitimate search of premises." (Citations and punctuation omitted.) *Brown v. State*, 181 Ga. App. 768, 770 (1) (353 SE2d 572) (1987). The statute provides that in executing a search warrant, an officer "may reasonably detain or search any person in the place at the time: (1) To protect himself from attack; or (2) To prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant."

Spillers testified that he conducted the search for his own safety. Although Ledford turned out not to have been armed, Spillers did not know that when he searched him. Ledford argues that even if Spillers conducted the search because he reasonably believed Ledford to be dangerous, Spillers exceeded his authority in conducting a full search, including Ledford's pockets, without first having conducted a patdown for weapons. *Brown*, supra at 770-771 (1) (a).

We need not reach this issue, however, because "[i]t has been held that this statute does not limit the officer's right to search persons as to whom probable cause for a warrantless search exists." (Citations and punctuation omitted.) *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989). Here, as in *Travis*, the appellant's

undisputed flight from the premises, coupled with the evidence of his presence at premises being searched under a warrant, provided probable cause for the officer to believe that he possessed, or was, at least, a party to the crime of possessing, the unlawful contraband specified in the warrant. Id. Ledford's attempts to distinguish *Travis* are unavailing. The fact that in *Travis* the police officers knocked on the door, were wearing uniforms, and identified themselves, does not bear either on presence at the premises or on flight from the premises. And these two factors, when combined, serve to establish probable cause. Id. The search was proper.

2. Ledford also contends the search could not be authorized as incident to his arrest because no probable cause existed for his arrest. But the same two factors establishing probable cause to search Ledford also established probable cause for his arrest. *Travis*, supra. The trial court relied upon *Travis* and correctly denied Ledford's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 15, 1998.

*Whitmer & Law, George H. Law III*, for appellant.
*Timothy G. Madison, District Attorney, Hillary M. Krepistman, Robin R. Riggs, Assistant District Attorneys*, for appellee.