A99A0661. STEWARD v. THE STATE.
(516 SE2d 534)

MCMURRAY, Presiding Judge.

Following a hearing on his motion to suppress evidence seized, Willie Steward was convicted of possession of cocaine with intent to distribute and possession of cocaine with intent to distribute within 1,000 feet of a public housing project. Although the record does not indicate it, Steward states in his brief that he and the district attorney agreed to submit the case to the trial court on the motion "in lieu of a trial as the ruling on suppression would be dispositive of the case." In his sole enumeration of error, Steward contends the trial court erred by denying his motion to suppress. We affirm.

In reviewing a trial court's decision on a motion to suppress evidence seized, we construe the evidence most favorably to uphold the findings and judgment of the trial court. We adopt the trial court's findings on disputed facts and on the credibility of witnesses unless those findings are clearly erroneous. Those findings will not be disturbed if there is any evidence to support them. *Sprauve v. State*, 229 Ga. App. 478, 479-480 (1) (494 SE2d 294). Viewed in this light, the record reveals that on February 5, 1998, Investigator Bobby Young of the Vidalia Police Department obtained a warrant to search for drugs in an apartment located within a housing project. Officer Young sought the warrant based on community complaints of drug dealing from the apartment, information provided by a confidential informant, several weeks of surveillance, and the informant's controlled buy of a $50 rock of crack cocaine from a woman in the apartment on

February 5, 1998.

Officer Young learned from his informant that the residents of the apartment, Natasha Mincey and Wick Loristan, would advertise that drugs were available from them by turning their porch light off. The informant also told the police that Mincey and Loristan obtained their drugs from a partner in Miami. The partner was described as having "a mouth full of gold teeth." The informant explained that dealing from the apartment was currently "pretty heavy" because the partner had just come in town to resupply Mincey and Loristan with cocaine. Because people in addition to Mincey and Loristan were likely to be in the apartment, Young obtained a search warrant that authorized the search of "other parties" who either were there to buy drugs or were co-conspirators in the sale or distribution of drugs.

During the evening of February 5, 1998, Young and four other officers drove to the apartment to execute the warrant. When they arrived, the porch light was on, indicating that the residents were not selling drugs at present. However, because they believed they had been spotted by neighbors, the officers went ahead and executed the warrant. As soon as they entered the apartment, the officers detained a woman found inside and began their search. They also turned off the porch light. After searching for about 15 minutes, the officers heard someone knocking at the front door.

Officer Donald Williams answered the door, invited Willie Steward into the apartment, and asked him for his identification. Steward handed Officer Williams his wallet. The officer testified that when he took the wallet he noticed that it contained a very large amount of cash. Steward said the $842 in cash was lottery winnings. Also, Steward's driver's license revealed he was from Miami, Florida. Officer Young testified that as he and Officer Williams questioned Steward, they noticed that Steward had several gold teeth. Both officers immediately suspected that Steward was the partner from Miami.

Officer Williams told Officer Young to search Steward. Steward, who had been sitting in the living room, stood up and tossed off his jacket, and began to undress. Because the woman was also being detained in the living room, Officer Young told Steward to follow him into another room. During the search, Officer Young found less than an ounce of marijuana concealed in Steward's underwear. While Officer Young was searching Steward, another officer, Baxley, found Steward's jacket and searched it. Officer Baxley found several individually packaged rocks of crack cocaine in the jacket pocket.

In his sole enumeration of error, Steward argues that the cocaine evidence used against him was illegally seized and should have been suppressed because the search of Steward's person and personal belongings was not authorized under OCGA § 17-5-28.

OCGA § 17-5-28 provides that during the execution of a search

warrant, an officer may reasonably detain or search any person in the place at the time: (1) to protect himself from attack; or (2) to prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant. See, e.g., *Ledford v. State*, 233 Ga. App. 445 (504 SE2d 512); *Brown v. State*, 181 Ga. App. 768, 770 (1) (353 SE2d 572). In *Wallace v. State*, 131 Ga. App. 204, 205 (1) (205 SE2d 523), we explained that this Code section describes the maximum extent "to which the particularity of description required by the Fourth Amendment may be encroached upon by the practical necessities of the search environment." Thus, to authorize a search under subsection (2) of the statute of those "other persons" not particularly named in a search warrant but found on the premises, the State must show

> a nexus between what the officers are authorized to search for, based on the criminal activity which they had probable cause to believe was and/or still is occurring and which prompted the warrant, the nature of the evidence sought, the environment in which the search is authorized, and the person searched. There must be a connection between that person and the activity which logically leads to a belief that the person is in possession of a targeted item.

*State v. Hawkins*, 187 Ga. App. 826, 828 (1) (371 SE2d 668).

In this case, although there were facts that strongly suggested a logical link between Steward and items sought in the warrant, there was no risk of his concealing or disposing of any of those items because the premises had been secured before Steward arrived. An "other party" entering the premises during the search may not be searched when that person had no opportunity to conceal any of the items described in the search warrant. *Wallace v. State*, supra at 205 (1). Therefore, unless the police had independent probable cause justifying the warrantless search of Steward's person and personal belongings, the cocaine seized should have been suppressed. See id.; see also *State v. Anderson*, 195 Ga. App. 793 (395 SE2d 50); *Logan v. State*, 135 Ga. App. 879, 885 (3) (219 SE2d 615).

Under the peculiar circumstances of this case, we believe the officers had probable cause to search Steward. As we have explained, OCGA § 17-5-28 does not limit an officer's right to search persons for whom probable cause for a warrantless search exists. *Ledford v. State*, 233 Ga. App. 446 (1), supra. A finding of probable cause is not limited or defined " 'in relation to any one particular element, but may exist because of the totality of the circumstances surrounding a transaction.' " *Moody v. State*, 232 Ga. App. 499, 504-505 (4) (b) (502 SE2d 323).

In this case, the officers knew that drug dealing from the apartment had been heavy that day. They knew the apartment residents were being supplied by a Miami connection who had gold teeth. They also knew that when the porch light was turned off, people interested in making drug deals would come to the apartment. Steward, who arrived while the porch light was off, matched the description of the Miami dealer. When Steward presented the officers with his wallet, it contained both a Florida driver's license and a large wad of cash. These facts were sufficient to give the police probable cause to believe that Steward was the Miami supplier and that he was either in possession of, or a party to the possession of, unlawful contraband. See *Logan v. State*, supra at 885 (3).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 14, 1999.

*D. Duston Tapley, Jr.*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.