## A99A2201. HALL v. THE STATE.
(527 SE2d 624)

MILLER, Judge.

Following a bench trial, Walter Hall was convicted of trafficking in cocaine and possession of cocaine with intent to distribute. He enumerates as error the denial of his motion to suppress the evidence.

When reviewing the decision of the trial court on a motion to suppress, we construe the evidence most favorably to uphold the trial court's findings and judgment, and if there is any evidence to support those findings, they will not be disturbed.[1]

Viewed in this light the evidence showed that narcotics officers received information from a confidential informant of drug activity by Cedric Ward. While the informant discussed a drug buy of half a kilo of cocaine with Ward, officers monitored the call. Ward told the informant that he had a little less than a kilo and that he was expecting another delivery within the hour. Based on this information, officers obtained a search warrant and searched Ward's apartment, finding cocaine and other items. While conducting the search, the officers were informed by a detective who was stationed outside the apartment conducting surveillance that someone was approaching with a backpack. Hall knocked on the door, and once the door was opened, officers observed that Hall was carrying a backpack, which he dropped upon seeing them. Hall retreated and attempted to escape down a stairwell when officers detained him. The nearby detective searched the backpack and found cocaine.

Because Hall dropped the backpack containing the cocaine before his attempt to flee, the court was authorized to find that the cocaine was not seized as the result of a search but was instead abandoned before Hall's arrest.[2]

Moreover, officers had independent probable cause to search Hall and the backpack. OCGA § 17-5-28 provides that during the execution of a search warrant, officers may reasonably detain or search any person in the place at the time: (1) to protect themselves from attack; or (2) to prevent the disposal or concealment of any things particularly described in the search warrant.[3] Although there are no facts to substantiate that officers believed Hall was armed or that he attempted to conceal contraband,

[i]t has been held that [OCGA § 17-5-28] does not limit the

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); *Lewis v. State*, 233 Ga. App. 560 (1) (504 SE2d 732) (1998).

[2] See *Redd v. State*, 229 Ga. App. 364, 366 (494 SE2d 31) (1997); *D'Angelo v. State*, 223 Ga. App. 558, 559 (1) (479 SE2d 384) (1996).

[3] See, e.g., *Ledford v. State*, 233 Ga. App. 445, 446 (1) (504 SE2d 512) (1998); *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989).

officer's right to search persons as to whom probable cause for a warrantless search exists. Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of the circumstances surrounding a transaction.[4]

In the present case, based on the totality of the circumstances, including Hall's presence on the premises, his knocking on the door of Ward's apartment, his carrying a bag, his dropping the bag and attempting to flee, and the information from Ward himself that a delivery of drugs was to be made at his residence within the hour, provided probable cause to believe that Hall was in possession of contraband.[5] On this basis the officers were justified in searching Hall and the backpack. The court did not err in denying the motion to suppress.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000 —
RECONSIDERATION DENIED FEBRUARY 9, 2000 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*David S. West, Bruce S. Harvey*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Gregory K. Schwarz, Assistant District Attorneys*, for appellee.

---

[4] (Citations and punctuation omitted.) *Moody v. State*, 232 Ga. App. 499, 505 (4) (b) (502 SE2d 323) (1998); see *Steward v. State*, 237 Ga. App. 672, 674-675 (516 SE2d 534) (1999).
[5] See id.