A04A0046. UNDERWOOD v. THE STATE.
(596 SE2d 425)

JOHNSON Presiding Judge.

On January 31, 2002, the Fayette County and Clayton County Narcotics Units executed a search warrant on an apartment located in Clayton County. The search warrant applied to the apartment, but did not personally name any individuals. As the Clayton County SWAT Team entered the front door to serve the warrant, several males, including Travius Underwood, were seen exiting the back door of the apartment in a "hurried manner." Underwood and the other males exiting the apartment were detained and searched. Upon searching Underwood, officers found contraband in his pocket. Underwood was placed under arrest and charged with possession of a controlled substance.

Underwood moved to suppress the contraband on the ground that it was discovered as the result of an unlawful search of his person. The trial court denied the motion, and Underwood was subsequently found guilty of possession of contraband. Underwood appeals, alleging the trial court erred in denying his motion to suppress. We find no error and affirm Underwood's conviction.

When reviewing the decision of the trial court on a motion to suppress, we construe the evidence most favorably to uphold the trial court's findings and judgment, and if there is any evidence to support those findings, they will not be disturbed.[1] Here, the totality of the circumstances, including Underwood's presence on the premises being searched and his subsequent flight, justified Underwood's detention and search.[2]

OCGA § 17-5-28 provides that in executing a search warrant, an officer may reasonably detain or search any person in the place at the time either (1) to protect himself from attack, or (2) to prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant. Here, an officer testified that he ordered Underwood to the ground and searched him because he was "leaving the location of the search warrant and . . . might be leaving with evidence or destroying evidence and that [he] might have a weapon."

However, we need not reach the issue of whether this search was justified under OCGA § 17-5-28 because "[i]t has been held that this statute does not limit the officer's right to search persons as to whom probable cause for a warrantless search exists."[3] Here, as in *Ledford* and *Travis*, Underwood's undisputed flight from the premises, coupled with the evidence of his presence at premises being searched pursuant to a lawful warrant, provided probable cause for the officer to believe that he possessed, or was, at least, a party to the crime of possessing, the unlawful contraband specified in the warrant.[4] Underwood's attempts to distinguish *Ledford* and *Travis* are unavailing. The search was proper, and the trial court did not err in denying Underwood's motion to suppress.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED MARCH 4, 2004.

*Sexton & Morris, Ricky W. Morris, Jr., Joseph S. Key*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[1] *Hall v. State*, 242 Ga. App. 280 (527 SE2d 624) (2000).

[2] *Ledford v. State*, 233 Ga. App. 445, 446 (1) (504 SE2d 512) (1998); *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989).

[3] (Citation and punctuation omitted.) *Ledford*, supra; *Travis*, supra.

[4] See *Ledford*, supra at 446-447 (1); *Travis*, supra.