A05A0330. CARRENO v. THE STATE.
(612 SE2d 62)

MILLER, Judge.

Leticia Carreno appeals from a conviction for cocaine trafficking arising from a sting operation on the grounds that the trial court erred when it denied her motions to suppress evidence and statements and when it admitted hearsay testimony concerning the informant who set up the sting. We find no error and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that a police informant set up the purchase of two kilograms of cocaine from Carreno's co-defendant, with Carreno brokering the deal for a fee. At the appointed time, police saw Carreno and the co-defendant enter the latter's apartment, and sent their informant inside. Based on the information he gave, police obtained a warrant. As police entered the apartment to execute the warrant, Carreno ran out the back door, hurdled the patio fence, and was apprehended beside the building. She was advised of her rights, waived them, and gave a statement confessing that she had met the co-defendant, had determined that he could supply the cocaine, and had set up delivery with the informant. She also admitted that she was to have received $300 per kilogram for her role in the deal. In Carreno's purse, police found a piece of paper bearing the names of the co-defendant and the informant as well as a date book noting meetings between Carreno and the informant. In addition to the $2,400 in cash recovered from the pocket of the co-defendant, police also found drug scales, another $2,000, and two kilograms of packaged cocaine in the apartment.

---

Before trial, Carreno filed a *Jackson-Denno* motion to suppress her confession, but withdrew it soon afterward. She also filed a motion to suppress certain evidence, including the papers concerning the co-defendant and informant. After a hearing, the trial court denied the motion to suppress. Just before opening arguments, the State proffered Carreno's confession. After a *Jackson-Denno* hearing held outside the presence of the jury, the trial court ruled that the confession was voluntary and admissible. Carreno was later found guilty of trafficking in cocaine. She was sentenced to 30 years with 25 to serve and was fined $1 million. Her motions for new trial were denied.

1. Carreno contends that the trial court erred when it denied her motion to suppress. On appeal from the denial of a motion to suppress in which the evidence is uncontroverted, we review the trial court's application of the law to the undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

(a) Though she makes it only in passing, Carreno's most sweeping argument is that because her arrest was illegal, all the fruits of that arrest must be excluded. This contention is without merit. Carreno's affirmative statements that she had "no objection" to the introduction of the papers found in her purse amounted to a waiver of any argument that might be made as to the admissibility of that evidence. *Dyer v. State*, 233 Ga. App. 770, 771-772 (505 SE2d 71) (1998). Likewise, at the conclusion of the *Jackson-Denno* hearing on the voluntariness of Carreno's confession, the court asked both sides whether they had any arguments to make. Carreno's counsel replied, "I'll waive argument, Your Honor." The court then ruled the confession voluntary; Carreno did not object. Thus Carreno has also waived any arguments she may have had as to the admissibility of the confession. *Williams v. State*, 270 Ga. App. 480, 482 (606 SE2d 671) (2004) (even where objection made as to voluntariness, failure to object to confession as inadmissible result of illegal detention waives latter argument on appeal); *Thomas v. State*, 264 Ga. App. 389, 391 (1) (590 SE2d 778) (2003) (in absence of any contention at trial that defendant's confession was not voluntary, trial court did not err in admitting it).

(b) Even if she had not waived her objections to the admissibility of the evidence, Carreno's presence at and flight from the crime scene provided officers with probable cause to arrest her without a warrant. Both the papers seized from Carreno's purse and the confession given moments later were therefore admissible. See *Underwood v. State*, 266 Ga. App. 119-120 (596 SE2d 425) (2004) (defendant's presence on premises being searched for drugs and his subsequent flight justified warrantless arrest and subsequent search incident to arrest).

(c) Carreno also argues that the trial court erred when it denied her motion to suppress the cocaine. The cocaine was found in the co-defendant's apartment, however, a place in which Carreno had no ownership or possessory interest and as to which she had no reasonable expectation of privacy. Thus Carreno has no standing to challenge the search of the apartment or any of its consequences, including the seizure and admission of the cocaine. *Hall v. State*, 258 Ga. App. 502, 504-505 (1) (a) (574 SE2d 610) (2002) (barbershop employee has no expectation of privacy in premises and lacks standing to challenge validity of search); *Floyd v. State*, 237 Ga. App. 586, 587-588 (516 SE2d 96) (1999) (transient visitor to motel room has no expectation of privacy there).

2. Carreno also asserts that the trial court erred when it "overruled" her motion to hold a *Jackson-Denno* hearing on whether her confession was voluntary. This mischaracterizes the record. Though Carreno initially filed a *Jackson-Denno* motion, it was withdrawn because, as counsel conceded at the pre-trial hearing, there was "no issue as to the voluntariness of [Carreno's] statements." The court then asked Carreno herself whether she wanted to withdraw the motion; she replied, "Yes." Later, and outside the presence of the jury, the State made a proffer of the confession. Carreno's trial counsel said that he had "no objection," but that "we might as well have a hearing on it." At the conclusion of this hearing, the trial court held Carreno's confession to be voluntary. Carreno's suggestion that the court "overruled" her motion has no support in the record, and is deemed abandoned on appeal. See *Bixby v. State*, 254 Ga. App. 212, 214 (4) (561 SE2d 870) (2002); Court of Appeals Rule 25 (c) (2), (3). Moreover, at the *Jackson-Denno* hearing, Carreno produced no evidence that her confession was not voluntary, and waived argument on the matter. Thus the trial court did not err in admitting the confession. See *Moody v. State*, 224 Ga. 301, 302 (1), (2) (161 SE2d 856) (1968).

3. Finally, Carreno asserts that the trial court erred in admitting police officers' hearsay testimony concerning information given to them by their informant, who did not appear at trial. However, Carreno failed to object to the statements as hearsay at trial. She has thus waived this argument as well. *Dameron v. State*, 267 Ga. App. 671, 672 (2) (601 SE2d 137) (2004).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MARCH 16, 2005.

*David D. Bishop*, for appellant.

*Daniel J. Porter, District Attorney, Peter H. Boehm, Assistant District Attorney*, for appellee.