## A06A2130. FLEMING v. THE STATE.
### (638 SE2d 769)

BLACKBURN, Presiding Judge.

Marcus Fleming was convicted in a bench trial of trafficking in cocaine[1] and of possessing a firearm as a convicted felon.[2] Following the denial of his motion for new trial, he appeals, arguing that (i) the court erred in denying his motion to suppress, which asserted that the key evidence admitted at trial was discovered as a result of his consent given to police to search his hotel room, which consent arose from his illegal warrantless arrest, and (ii) the court erred in finding he had knowingly and voluntarily waived his right to a jury trial. We hold that based on their direct observations, police had probable cause for the warrantless arrest, and that Fleming's trial counsel's

---

testimony at the motion for new trial hearing sufficed to support the trial court's finding that Fleming knowingly and voluntarily waived his right to a jury trial. Accordingly, we affirm.

When reviewing a trial court's order on a motion to suppress, we apply the "any evidence" standard:

A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.

*Williams v. State.*[3] See *Tate v. State.*[4]

So construed, the evidence shows that immediately following his arrest one morning for possessing cocaine, an informant not previously known to police offered to assist them in apprehending his supplier, whom he identified as Marcus Fleming. With police listening in to both sides of the conversations, the informant that very day phoned Fleming, who told the informant that he had a kilogram of cocaine that he would sell to the informant for $22,000 that afternoon. Fleming told the informant to come to a certain hotel, where Fleming was in room 345. Fleming instructed the informant further that he would be waiting on the third-floor balcony outside his room around 2:00 or 3:00 p.m., from where he would throw his hotel key to the informant when the informant arrived.

When the informant arrived at the hotel parking lot at the appointed hour (in an undercover police car accompanied by undercover police), police observed that Fleming was standing on the third-floor balcony outside his room. The informant identified Fleming to police as the supplier. Remaining in the car, the informant asked Fleming to descend the back stairs and to let the informant in through the locked back door (rather than throwing down the key). Fleming agreed, but when he opened the back door, police arrested him (after the informant once again identified him to police).

Fleming consented to a search of his person and then led police back to his hotel room 345, where he consented to police entering the room and (following *Miranda* warnings) to their searching the room. Fleming informed police where the kilogram of cocaine was hidden in the room, which police retrieved and later tested positive for cocaine. Police also found a firearm in the room.

---

[3] *Williams v. State*, 273 Ga. App. 637, 638 (615 SE2d 789) (2005).

[4] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

Charged with trafficking in cocaine and with possession of a firearm by a convicted felon, Fleming moved to suppress the evidence discovered after his arrest, claiming that the police lacked probable cause to effect the warrantless arrest at the back door and that therefore the subsequent searches and questioning were invalid. Following a hearing, the court denied the motion, finding that police had independent grounds for probable cause outside of the statements of the informant. A bench trial ensued, resulting in Fleming's conviction.

1. Fleming contends that the court erred in denying his motion to suppress. Holding that evidence supported the trial court's finding of probable cause for the warrantless arrest, we affirm.

To make a legal warrantless arrest, the police were required to have probable cause to believe that Fleming had committed or was committing a felony:

> The legality of a warrantless arrest depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a suspect had committed or was committing an offense.

(Punctuation omitted.) *McDaniel v. State.*[5]

Claiming that no evidence showed the previously-unknown informant was reliable, Fleming argues that the police could not rely on his statements to establish probable cause. But Fleming misapprehends the basis for the probable cause in this case. Independent of the information supplied them by the informant, police personally heard an individual say to the informant on the telephone that this individual had a kilogram of cocaine in his hotel room that he intended to sell to the informant if the informant would come to that certain hotel at a certain time, where that individual would be waiting on the third-floor balcony to throw the informant a key. When the informant arrived at the designated hotel at the designated time, police observed Fleming standing on the third-floor balcony and further observed Fleming respond favorably to the informant's request not to throw down the key and instead to come to the back door to let the informant in. Police did not arrest him until he appeared at that back door. Regardless of the reliability of an informant, where police hear an individual state that he will be at a certain place at a certain time to sell cocaine to the informant, the police's subsequent observation

---

[5] *McDaniel v. State*, 263 Ga. App. 625, 627 (1) (588 SE2d 812) (2003).

of an individual at that place at the designated time gives them probable cause to arrest that individual, particularly where that individual converses with the informant at the site as if he had been waiting for him. See *Parker v. State*;[6] *State v. Hancock*.[7] The information received from the untested informant may be helpful and corroborating, but the personal observations and perceptions of the police alone more than suffice to supply the probable cause needed for a warrantless arrest.

Accordingly, the trial court did not err in denying the motion to suppress.

2. Fleming contends that evidence did not support the trial court's finding (in its order denying the motion for new trial) that Fleming knowingly and voluntarily waived his right to a jury trial. We disagree.

*Alvarado v. State*[8] sets forth the relevant standard of review:

A criminal defendant must personally and intelligently participate in the waiver of the constitutional right to a trial by jury. When the purported waiver of this right is questioned, the State bears the burden of showing that the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made. The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous.

As conceded by the State, the record contains no evidence that Fleming was cognizant of the right being waived. Thus, the State here called Fleming's trial counsel as a witness at the motion for new trial hearing to fill the silent record. See *Gary v. State*[9] (because testimony of defense counsel showed that counsel informed defendant of jury trial right and that defendant acquiesced in counsel's recommendation to waive that right, State met its burden of showing voluntary and knowing waiver). Fleming's counsel testified that on several occasions prior to trial, he had explained to Fleming his right to a jury trial and the ramifications of that right and further explained the difference between a jury trial and a bench trial. Counsel had

[6] *Parker v. State*, 218 Ga. App. 770, 771 (1) (463 SE2d 70) (1995).

[7] *State v. Hancock*, 203 Ga. App. 577, 578 (417 SE2d 381) (1992).

[8] *Alvarado v. State*, 271 Ga. App. 714, 717 (2) (610 SE2d 675) (2005).

[9] *Gary v. State*, 241 Ga. App. 76, 77 (2) (526 SE2d 148) (1999).

recommended to Fleming that he waive that right in favor of a bench trial and take his chances with the appeal of the motion to suppress, since in counsel's view there was nothing for a jury to decide in light of the undisputed evidence of Fleming's possession of the cocaine and firearm found in his hotel room. Fleming indicated to counsel that he understood these rights and strategy. Counsel further testified that Fleming affirmatively agreed with his recommendation to waive the right to a jury trial and to go forward with a bench trial. As in *Gary*, "the State has filled an incomplete record with extrinsic evidence adequate to show that its burden was met." Id. at 77 (2). Because evidence supported its finding, the trial court did not clearly err in finding that Fleming had knowingly and voluntarily waived his right to a jury trial.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 17, 2006 —
RECONSIDERATION DENIED NOVEMBER 14, 2006.

*Dwight L. Thomas, Jason B. Sheffield*, for appellant.
*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.