## A07A0011. McCOY v. THE STATE.
### (645 SE2d 728)

RUFFIN, Judge.

After a jury trial, William McCoy was found guilty of kidnapping with bodily injury, aggravated assault with a deadly weapon, aggravated battery, possession of a firearm during the commission of a felony, five counts of armed robbery, three counts of kidnapping, and four counts of aggravated assault. The trial court denied his motion for a new trial, and McCoy appeals. Finding no error, we affirm.

Viewed in a light favorable to the verdict,[1] the evidence shows that on the morning of July 7, 2003, McCoy and others went to a warehouse that housed a flea market with a plan to rob it. They were armed and wearing masks. People at the warehouse were forced into a stall and robbed; several were kicked and struck with guns. One customer was struck in the head, restrained with tape, and robbed. The perpetrators filled bags with merchandise from the flea market and loaded the bags into a van. One of the perpetrators shot a vendor in the face with a shotgun, severely injuring him.

---

[14] *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58, 59 (529 SE2d 144) (2000).
[1] See *Forde v. State*, 277 Ga. App. 410 (626 SE2d 606) (2006).

Law enforcement was alerted about the robbery in progress and surrounded the warehouse. The perpetrators fled the warehouse, but were quickly captured. As McCoy fled the warehouse, Officer Ricker of the Atlanta Police Department ordered him to stop, and tackled him when he continued running. McCoy was captured less than a thousand feet from the warehouse, placed in a police vehicle, and taken to the police station. After an officer read *Miranda* warnings, McCoy signed a *Miranda* waiver at approximately 4:15 p.m., and at approximately 6:15 p.m. he gave a written statement in which he claimed that the gun he was carrying was not loaded and that plans for the robbery had not included shooting anyone.

McCoy now contends that the trial court erred in: denying his motion to suppress his statement; striking for cause a juror who espoused jury nullification; accepting a defective verdict; and "forcing" him to continue the trial with "hostile" counsel. He also asserts ineffective assistance of counsel.

1. McCoy argues that the motion to suppress his written statement should have been granted because he was arrested without probable cause and improperly detained. We will uphold a trial court's decision on a motion to suppress if there is any evidence to support it, and we construe the evidence favorably to the trial court's findings.[2] In this case, the police were notified of a robbery in progress, observed spent shotgun shells outside the warehouse, and saw several individuals running from a back door of the warehouse. Officer Ricker tackled McCoy, who was one of the individuals fleeing the warehouse, "because he [would not] stop. [The officer] was chasing . . . him, telling him to stop, stop, stop."

An arrest is valid if, at the time it was made, the officer had probable cause to make it; that is, if at the time of the arrest, "the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a suspect had committed or was committing an offense."[3] Flight from the scene of a crime may constitute sufficient probable cause for an arrest.[4] Here, McCoy's presence at the scene of an alleged robbery, coupled with his flight from police, justified his arrest, and we therefore affirm the trial court's denial of his motion to suppress.[5]

McCoy also argues that his statement should have been suppressed because of the length of time between his arrest and the

---

[2] See *Underwood v. State*, 266 Ga. App. 119, 120 (596 SE2d 425) (2004).

[3] *Fleming v. State*, 282 Ga. App. 373, 375 (1) (638 SE2d 769) (2006).

[4] See *Mitchell v. State*, 200 Ga. App. 146, 147 (1) (407 SE2d 115) (1991).

[5] See *Carreno v. State*, 272 Ga. App. 229, 230 (1) (b) (612 SE2d 62) (2005); *Underwood*, supra.

statement being taken. But he bases his argument on the assertion that he was not lawfully under arrest, but detained in a *Terry* stop. Because we find that there was probable cause for his arrest and that he had, in fact, been placed under arrest, this argument is unavailing.[6]

2. McCoy asserts that the trial court erred in striking for cause a prospective juror who believed in jury nullification. We review a trial court's decision to strike a juror for cause under an abuse of discretion standard.[7] A prospective juror should be dismissed when he or she "has formed an opinion on the guilt or innocence of the accused which is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence."[8]

The record shows that Juror Lashinski stated during voir dire that he believed in jury nullification, and if he thought a defendant was going to receive an excessive sentence, he would ignore the evidence presented and "be very inclined" to find the defendant not guilty. When asked, "if you [do not] like the outcome[,] you are not going to be fair and impartial?", he replied, "I will not." He said, in response to being asked if he could apply the law given by the judge to the evidence, "I would be able to . . . but I would always have in mind whether, for instance[,] if there was a mandatory 40-year sentence[,] that would be something that would preclude me." When Juror Lashinski was informed that he would not be told the punishment for the crimes alleged at trial, he responded that, "[i]n a matter this serious I probably would be interested to find out what the penalties were."[9] Given these answers, the trial court did not abuse its discretion in dismissing Juror Lashinski for cause.[10]

3. McCoy contends that the trial court erred in accepting the verdict form as returned by the jury on Counts 6, 7, 8, and 10. On these four counts, the jury marked the verdict form to reflect that it found McCoy guilty not only of the charged offense, but also of the lesser included offenses. The trial court sentenced McCoy on the charged offenses but not the lesser included offenses.[11] Because McCoy did not object to the form of the verdict at trial, he "has waived

---

[6] McCoy has cited no authority for the proposition that police must take a statement from a suspect within a certain amount of time after his arrest.

[7] See *Holloway v. State*, 278 Ga. App. 709, 715 (6) (629 SE2d 447) (2006).

[8] Id.

[9] We note that more probing questions by counsel might have clarified the juror's opinions such that he need not have been struck for cause; however, based on his answers in the record, we find no abuse of discretion in striking him.

[10] See *Robles v. State*, 277 Ga. 415, 419-420 (4) (589 SE2d 566) (2003).

[11] We note that McCoy's sentences on Counts 7, 8, 10, 11, 12, 13, 14, 15, and 16 merged with the life sentence he received for Count 6, kidnapping with bodily injury.

any objection . . . that the verdict was inconsistent, confusing, or otherwise irregular."[12] However, even if he had objected, there was no error. If a jury finds a defendant guilty of both the charged offense and the lesser included offense, "the lesser offense merges into the greater offense and the court sentences on the greater offense only."[13] We are unpersuaded by McCoy's argument that we should overrule existing case law because the verdict as written was ambiguous.

4. McCoy argues that he received ineffective assistance of counsel because trial counsel was poorly prepared, failed to object to the form of the jury verdict, and did not make certain arguments during the pre-sentence hearing. In order to establish ineffective assistance of counsel, McCoy must show both that his counsel's performance was deficient and that there is a reasonable probability that the outcome of the trial would have been different but for counsel's deficient performance.[14]

(a) McCoy claims that trial counsel "fail[ed] to properly investigate the facts and law applicable to the case," as evidenced by his filing of a failed motion to quash and his confusion at the sentencing hearing about whether the judge had ruled in McCoy's favor on a particular point. However, as McCoy has not indicated how either of these alleged errors could have affected the outcome of the trial, he has failed to establish ineffective assistance of counsel on this basis.[15]

(b) McCoy cites trial counsel's failure to object to the trial court's acceptance of the jury verdict as ineffective assistance of counsel. As discussed in Division 3, such an objection would not have been successful. And failure to make a meritless argument does not constitute ineffective assistance of counsel.[16]

(c) McCoy contends that, at the pre-sentence hearing, trial counsel should have argued for McCoy to receive a lesser sentence than his co-defendant who actually shot the victim, because McCoy had an unloaded gun and did not intend to hurt anyone. McCoy cites only inapplicable death penalty cases in support of this argument. At the hearing, trial counsel asked the court for mercy for McCoy. And McCoy himself spoke, as well as two of his brothers, who urged leniency. McCoy's written statement in which he confirmed that his gun was unloaded and he did not intend for anyone to "get murdered" was in the record. McCoy has simply failed to show that — when he

---

[12] (Punctuation omitted.) *Webb v. State*, 270 Ga. App. 817, 818 (2) (608 SE2d 241) (2004).

[13] *Ellison v. State*, 265 Ga. App. 446, 449 (3) (594 SE2d 675) (2004); see *Webb*, supra.

[14] See *Abernathy v. State*, 278 Ga. App. 574, 580 (3) (630 SE2d 421) (2006).

[15] See *Metoyer v. State*, 282 Ga. App. 810, 815-816 (2) (c) (640 SE2d 345) (2006); *Hinkle v. State*, 282 Ga. App. 328, 329 (2) (638 SE2d 781) (2006).

[16] See *Hinkle*, supra at 330 (3), n. 10; *Johnson v. State*, 281 Ga. 229, 231-232 (3) (637 SE2d 393) (2006).

participated in a premeditated robbery in which the perpetrators carried weapons and one of the victims was shot by a co-defendant — he would have received a lighter sentence if only his trial counsel had stressed to the court his intent that no one get hurt. Because he has presented no evidence that the outcome would have been different if counsel had made this argument, he has not shown ineffective assistance of counsel.[17]

5. McCoy alleges that the trial court erred in going forward with the trial after McCoy complained about his trial counsel. During the course of the trial, McCoy told the court that he "[did not] like [his] representation" and needed another attorney. According to McCoy, "[a] lot of things I tell [my attorney] to say, tell him to ask people, he [would not] ask." The trial court questioned both McCoy and his counsel about their communications, made several suggestions — including offering to give McCoy a half hour break to meet with his attorney — and then continued with the trial, giving her opinion that it would be unfair to McCoy to bring in a new lawyer halfway through the trial. McCoy now argues that going forward with this trial counsel violated his Sixth Amendment right to assistance of counsel. We evaluate the trial court's decision under an abuse of discretion standard.[18]

The Sixth Amendment guarantees effective assistance of counsel, not "preferred counsel or counsel with whom a meaningful relationship can be established."[19] We held in Division 4 that trial counsel was not ineffective for any of the reasons urged by McCoy on appeal, and we find no indication in the record that trial counsel "was unable or unwilling to effectively represent [McCoy]."[20] Therefore, under the circumstances here, we conclude that the trial court did not abuse its discretion in requiring McCoy to proceed with his trial counsel.[21]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 8, 2007.

*Charles H. Frier*, for appellant.

---

[17] See *Jowers v. State*, 272 Ga. App. 614, 619 (3) (c) (613 SE2d 14) (2005).

[18] See *Bryson v. State*, 282 Ga. App. 36, 41-42 (3) (638 SE2d 181) (2006); *Middlebrooks v. State*, 255 Ga. App. 541, 544 (6) (566 SE2d 350) (2002).

[19] (Punctuation omitted.) *Smith v. State*, 273 Ga. 356, 358 (3) (541 SE2d 362) (2001).

[20] (Punctuation omitted.) *Elliott v. State*, 253 Ga. 417, 420 (2) (a) (320 SE2d 361) (1984).

[21] See id.; *Smith*, supra.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.