## A10A1471. SHEATS v. THE STATE.
### (699 SE2d 798)

ELLINGTON, Judge.

A Clarke County jury found Freddie Lee Sheats guilty of possession of cocaine, OCGA § 16-13-30 (a). He appeals from the denial of his motion for new trial, contending that his trial counsel was ineffective and that the trial court erred in denying his motion to suppress evidence. Finding no error, we affirm.

1. Sheats, who was present in a home searched by police pursuant to a warrant, contends the trial court erred in denying his motion to suppress 4.41 grams of cocaine found in his pocket during an allegedly illegal search of his person. "When reviewing the decision of the trial court on a motion to suppress, we construe the

---

evidence most favorably to uphold the trial court's findings and judgment, and if there is any evidence to support those findings, they will not be disturbed." *Underwood v. State*, 266 Ga. App. 119, 120 (596 SE2d 425) (2004).

So viewed, the record shows that detectives and uniformed officers with the Athens-Clarke County Police Department executed a search warrant at 760 Dearing Street, Athens, on January 27, 2006. A detective obtained the warrant based upon numerous citizen complaints about drug sales at the home, eyewitness reports from a confidential informant about drug sales inside the home, and police surveillance of suspected drug activity outside the home. When executing the warrant, teams of police officers and detectives approached the house from the front and back doors almost simultaneously. As the police approached the front of the house, people sitting on the front porch ran inside the house. As a detective at the back of the house heard his fellow officers at the front ordering the occupants of the house to get down, he used a battering ram to force his way through the partially obstructed back door. As he did so, he heard a group of people running toward the back of the house, their footsteps resounding "like horses." As the detectives and police entered through the back door, a detective saw one man darting around a corner and another, whom he suspected to be the last of the group, running toward him down the hallway. The police detained the man in the hallway and, concerned that the others might be destroying evidence, immediately handcuffed the rest of the occupants of the house, all of whom had fled into the back bedroom, where it appeared to a detective they had just "dove into locations" in the room. Sheats was with the men in the bedroom, lying face down on the floor. A detective searched Sheats and found 4.41 grams of cocaine in his pocket.

As the trial court correctly found, Sheats' presence on the premises being searched and his apparent attempt to flee from the premises provided probable cause for the detective to believe that Sheats possessed, or was, at least, a party to the crime of possessing, the unlawful contraband specified in the warrant, which authorized the detective to detain Sheats and to conduct a warrantless search of his person. See *Underwood v. State*, 266 Ga. App. at 120. That Sheats did not actually escape from the police is irrelevant, as the evidence before the court was sufficient, given the totality of the circumstances, for the court to conclude that such was Sheats' intent. See *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989) ("Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless

arrest or search.") (citations and punctuation omitted). Thus, we find no error.

2. Sheats contends his trial counsel was ineffective because counsel (a) pursued a theory of defense that was not authorized by him, (b) impugned his character by introducing evidence of his criminal history, and (c) failed to adequately prepare for trial.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the [defendant] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). As a general rule, reasonable trial tactics and strategies do not amount to ineffective assistance of counsel. *Grier v. State*, 273 Ga. 363, 365 (4) (541 SE2d 369) (2001). "Whether an attorney's trial tactics [were] reasonable is a question of law, not fact." (Citation and punctuation omitted.) *Moreland v. State*, 263 Ga. App. 585, 588 (4) (588 SE2d 785) (2003). Moreover, when evaluating the reasonableness of counsel's actions, a court must review counsel's performance from his or her perspective at the time of trial. *Grier v. State*, 273 Ga. at 365 (4). When this Court reviews a trial court's ruling on an ineffective assistance claim on appeal, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. at 76.

The record reveals that Sheats and the four other occupants of the house were indicted for trafficking in cocaine. Sheats was also indicted for possession of cocaine with intent to distribute. The officers and detectives who testified about executing the warrant painted a vivid picture of a drug distribution ring caught in the process of manufacturing its product. They described how, as they walked through the house, they discovered cocaine "cooking," being converted to "crack," in one of the three microwave ovens in the kitchen. Several bags of powder cocaine had apparently been tossed aside in the living room and kitchen when Sheats and his co-defendants fled from the police. Baggies, scales, baking soda, pyrex dishes, jugs of water, pipes, and other crack cocaine manufacturing,

selling, and smoking paraphernalia were discovered scattered throughout the kitchen and living room. The police made a video recording of the scene, and the prosecution played it for the jury. The total amount of crack cocaine recovered was in excess of 98 grams. One of the samples tested, which weighed 42 grams, was over 50% pure cocaine. Large amounts of cash were recovered from the house and from Sheats and his co-defendants. Sheats had $134 in cash and 4.41 grams of cocaine in his pocket; the cocaine was packaged in "multiple smaller bags." One of Sheats' co-defendants testified that Sheats had been in the kitchen just before the officers executed the search.

Given this evidence, counsel chose a trial strategy characterizing Sheats as a visitor to the home, suggesting he was there only to play cards. The police video recording had shown cards lying on a table, as if a card game had been in progress. Counsel also argued that Sheats did not possess the cocaine the detective claimed to have found on him. Pointing out inconsistencies in the testimony of that detective and the chaotic nature of the search, counsel suggested that the detective was mistaken and that the drugs had actually come from one of Sheats' other, more culpable co-defendants. Counsel also argued that, just in case the jury did not believe the detective had erred, the State failed to prove Sheats intended to distribute the drugs found on his person and that, at the most, he was guilty of simple possession only. Counsel asked for and obtained a charge on the lesser included offense of possession and argued that law to the jury. The jury acquitted Sheats of trafficking and possession with intent to distribute, finding him guilty only of the lesser included offense of possession of cocaine.

(a) Sheats does not challenge the reasonableness of counsel's decision to ask for the lesser included offense charge. Rather, he argues that the "decision, while strategic, was not authorized." The trial court, however, chose to believe the testimony of defense counsel, who testified that he discussed the strategy of seeking a charge on the lesser included offense with Sheats, who did not oppose it. Given that the court's finding is supported by the record and is not clearly erroneous, we must accept it. *Robinson v. State*, 277 Ga. at 76.

(b) Sheats also asserts that counsel was unaware of his preferred trial strategy because counsel only met with him two times before trial. As discussed above, the trial court credited counsel's testimony on this issue, finding that counsel did, in fact, discuss his trial strategy with Sheats. Because Sheats has not further elaborated on how counsel was allegedly unprepared for trial, this claim of error presents nothing more for our review.

(c) Sheats asserts that counsel impugned his character during

opening statement when he said: "I also expect during this case that you will hear about some things that happened in Mr. Sheats' past. And the court is going to instruct you at the time that you hear those things . . . that that evidence is of a limited nature." Counsel testified that he made this statement in anticipation of the State introducing similar transaction evidence, as the State had obtained a ruling allowing it to introduce Sheats' prior convictions. Pretermitting whether the statement "things that happened in Mr. Sheats' past" calls his character into question, counsel's decision to address the problem of similar transaction testimony in his opening statement was clearly strategic. Thus, Sheats cannot prevail on this ineffective assistance of counsel claim.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

## DECIDED JULY 30, 2010.

*John W. Donnelly*, for appellant.
*Kenneth W. Mauldin, District Attorney, Leslie S. Jones, Assistant District Attorney*, for appellee.