A01A2303. PETERSON v. THE STATE.
(556 SE2d 514)

PHIPPS, Judge.

Rodney Peterson was convicted at a bench trial of possession of cocaine and possession of a firearm by a first offender probationer. Peterson contends that (1) the trial court erred by denying his motion to suppress cocaine found in a plastic bag inside his clothing and (2) the evidence was insufficient to support his conviction of possession of a firearm. We agree with Peterson's second contention but not his

---

first. Therefore, we affirm in part and reverse in part.

1. In reviewing a trial court's ruling on a motion to suppress, we construe the evidence in the light most favorable to the trial court's ruling. We affirm that ruling if it is right for any reason.[1]

The record shows that in September 1999, a confidential informant told Detective G. M. Morrison that a man he knew as "Slick" was selling cocaine from his apartment and that the man kept the cocaine either on his person or inside shoes in the closet. The informant also told Morrison that he had seen weapons in the apartment. On September 2 and 8, under police supervision, the informant went to the apartment and purchased cocaine using law enforcement funds. On September 9, Morrison obtained a warrant to search the apartment. The warrant permitted the search of the apartment for cocaine, currency, and "documents related to the sale/possession of controlled substances." Neither the warrant nor the affidavit mentioned any person who might be found inside the apartment.

When Morrison and other officers entered the apartment to execute the warrant, two men were standing at the dining room table. The officers "told everybody to get down on the floor and show us their hands." One of the men, later identified as Peterson, fled to the bedroom. When the officers reached him, he lay facedown on the bedroom floor with his hands outstretched. A woman lay on the floor nearby.

Detective R. L. Franklin patted down Peterson for weapons as part of a routine procedure to ensure officer safety. Franklin found no weapons, but as he touched the front of Peterson's pants, he "could feel and hear plastic material underneath [the] pants." Franklin then lifted up Peterson's shirt and saw a piece of "what appeared to be a plastic sandwich bag-type material." Franklin removed the bag, which contained a substance that later tested positive for cocaine. The officers also found marijuana on the kitchen table and on the bed, as well as two handguns in shoeboxes in the bedroom closet.

Peterson claims the trial court should have granted his motion to suppress the cocaine found on his person. He argues that Franklin's pat-down search of him and subsequent seizure of the bag of cocaine were unjustified. We disagree.

"When executing a search warrant, it is illegal to search a person not named in the warrant but found on the premises to be searched, without independent justification for a personal search."[2] Under OCGA § 17-5-28, the justifications for such a search are (1) protecting the officers executing the warrant from attack and (2) preventing the disposal or concealment of items described in the warrant. A

---

[1] *State v. Sims*, 248 Ga. App. 277, 278 (546 SE2d 47) (2001).

[2] (Footnote omitted.) *State v. Holmes*, 240 Ga. App. 332, 333 (525 SE2d 698) (1999).

search to prevent the concealment or disposal of items sought in the warrant is justified if there is a nexus between the person searched and the probable criminal activity that gave rise to the warrant "which logically leads to a belief that the person is in possession of a targeted item. [Cit.]"[3] We have held that such a nexus exists if the person searched was in a position to assist in the concealment or disposal of items sought in the warrant, or if he attempted flight from inside the premises subject to the warrant.[4]

In this case, the officers were searching for drugs, money, and papers — items a person easily can conceal on his body — and they had been told that "Slick" kept cocaine on his person. The officers saw marijuana in plain view in two different places in the apartment, thus confirming their suspicions that drug activity was afoot. Peterson — who could have been "Slick," as far as the officers knew — fled when the officers entered the apartment and was temporarily out of their sight, during which time he could have been concealing contraband. Under these circumstances, the search of Peterson was justified under OCGA § 17-5-28 (2).[5] Thus, the trial court did not err in denying the motion to suppress.

2. Peterson argues that there was insufficient evidence that he was in constructive possession of a firearm. We agree.

Constructive possession may be shown by evidence that the defendant knowingly had both the power and the intention at a given time to exercise dominion over the contraband in question.[6] Merely finding contraband on premises occupied by the defendant does not support a conviction if the evidence shows that persons other than the defendant had equal opportunity to commit the crime.[7] Likewise, mere spatial proximity between the defendant and the contraband will not support a finding of constructive possession.[8]

The firearms were found in shoeboxes in the bedroom closet. Morrison testified that photographs of Peterson were found in the apartment, as well as "paperwork" bearing his name. There was no evidence that Peterson had any clothing or personal items in the apartment. Moreover, Morrison admitted that the police never ascertained who was leasing the apartment, that Peterson's "paperwork" did not contain an address, and that the photographs of Peterson were not of him alone. Morrison also admitted that he neither checked the guns for fingerprints nor found out to whom they were registered.

---

[3] *Steward v. State*, 237 Ga. App. 672, 674 (516 SE2d 534) (1999).
[4] *Holmes*, supra at 333.
[5] See *Moody v. State*, 232 Ga. App. 499, 505 (4) (b) (502 SE2d 323) (1998); *Travis v. State*, 192 Ga. App. 695, 696 (385 SE2d 779) (1989).
[6] *Simpson v. State*, 213 Ga. App. 143, 144-145 (1) (444 SE2d 115) (1994).
[7] *Brown v. State*, 244 Ga. App. 440, 442 (2) (535 SE2d 785) (2000).
[8] Id.

Thus, the only evidence linking Peterson to the guns, other than his proximity to them, was the discovery at the apartment where the guns were found of paperwork bearing his name and photographs depicting him. This circumstantial evidence did not exclude the possibility that the guns belonged to the others present in the apartment — the woman found in the bedroom or the man in the dining room.[9] Accordingly, the conviction of possession of a firearm must be reversed.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 15, 2001.

*Robert L. Mack, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Anne M. Long, Barbara B. Conroy, Assistant District Attorneys*, for appellee.

---

[9] See, e.g., *London v. State*, 235 Ga. App. 30, 33 (2) (508 SE2d 247) (1998).