## A07A1998. SHERRER v. THE STATE.
(656 SE2d 258)

MILLER, Judge.

Shawn Patrick Sherrer was tried before a Meriwether County jury and found guilty of trafficking methamphetamine and possession of methamphetamine with intent to distribute near a public school. Sherrer appeals from his judgment of conviction, claiming that the trial court erred in allowing evidence of a similar transaction and in denying his motion for a directed verdict of acquittal. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on January 12, 2006, fire and police units responded to a fire at a Meriwether County residence located directly adjacent to Greenville Middle School. After the fire was extinguished, and based on information he received from a fireman, the responding police officer entered the house and saw what he believed to be a methamphetamine manufacturing operation. Later that evening, drug task force officers searched the premises and found chemicals used in methamphetamine production in the kitchen, instructions for manufacturing methamphetamine lying on a table, and an extensive surveillance system involving cameras hooked up to a monitoring system inside the residence.

When the responding officer first arrived, he saw two men trying to put out the fire; however, after the fire had been extinguished, the two men appeared to have left the scene. Based on the apparent disappearance of the men and what he had seen inside the house, the officer went to check the tags of a Ford pickup truck and a Nissan Pathfinder — vehicles parked in the driveway of the residence. As he did so, the officer found Sherrer, whom he recognized as one of the men he had seen trying to put out the fire, hiding under the back of the Ford. The officer detained Sherrer, who was subsequently arrested. A tag check showed that the tags on the Ford and the Nissan had been switched, and that the Ford had been reported stolen. No evidence was presented as to the ownership of either vehicle. According to the officer, the Nissan "was not being driven," in light of the amount of dust and pollen accumulated thereon. Over 28 grams of methamphetamine were found in the back of the Nissan.

Police arrested Sean Phillip Smith, who had leased the house, an hour or two after the fire started. Smith was indicted with Sherrer and, prior to Sherrer's trial, pled guilty to criminal attempt to manufacture methamphetamine, trafficking methamphetamine, possession of a firearm during the commission of a crime, and possession of methamphetamine with intent to distribute near a public school. At Sherrer's trial, Smith testified that he did not know Sherrer and

that Sherrer had no involvement in the trafficking of methamphetamine charge alleged against him. The prosecutor impeached Smith by his prior inconsistent statements to police, in which Smith told an investigator that he knew Sherrer, and that he and Sherrer had purchased materials for making methamphetamine. Smith told police that the fire had started while he and Sherrer were manufacturing methamphetamine in the house, and that they had tried to put out the fire but ran when the police arrived.

The State also introduced evidence of a similar transaction. On September 12, 2006, approximately two weeks before Sherrer's trial, a confidential informant told a Coweta County sheriff's officer that the informant had obtained methamphetamine from a person identified as "Shawn." During a call monitored by the officer, the informant asked Shawn if he had any more methamphetamine, and Shawn replied that he did but was not coming back out of the house that night. The officer went to the home address Shawn had previously provided him, knocked on the door, and Sherrer answered. When Sherrer opened the door, the officer saw what appeared to be methamphetamine on the living room coffee table. The officer arrested Sherrer, obtained a search warrant for the residence, and in the search which followed, seized what field tests showed to be methamphetamine. As to such similar transaction, Sherrer, among other things, was charged with possession of methamphetamine with intent to distribute.

1. Sherrer claims that the trial court erred in allowing the similar transaction evidence. We disagree.

> Before similar transaction evidence can be introduced, the state must make three affirmative showings: First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. A decision to admit a similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.

(Footnotes omitted.) *Williams v. State*, 273 Ga. App. 213, 216 (2) (614 SE2d 834) (2005).

(a) Sherrer claims that the State failed to prove that he committed the separate offense or that the separate offense was sufficiently similar to the crimes charged. He first complains that there was no crime laboratory report introduced to show that the substance seized by police was methamphetamine, and he was not properly identified

as the person who told the confidential informant that he was in possession of methamphetamine. However, the State was not required to produce expert testimony to show that police found methamphetamine in the house. See *Lewis v. State*, 233 Ga. App. 560, 562 (3) (504 SE2d 732) (1998) (testimony indicating that police field test showing confiscated substance to be cocaine was sufficient, without expert testimony, for jury to conclude that it was cocaine). As to the identity of the person who spoke to the confidential informant, the officer testified that when he met and spoke with Sherrer he concluded that Sherrer's voice was the same voice he heard when listening to the informant's conversation with the person identified as "Shawn." The jury was authorized to conclude that the person whom the officer heard claim to be in possession of methamphetamine was the defendant, Shawn Sherrer. See *Brown v. State*, 278 Ga. 369, 371 (2) (602 SE2d 834) (2004) (voice identification evidence is admissible if the witness discloses the basis for his opinion, and the probative value of the evidence is for the jury).

Despite Sherrer's claims, there was a sufficient similarity between the similar transaction offense and the crime charged because the similar transaction involved Sherrer's possession of methamphetamine and at issue in the crime charged was Sherrer's intent and bent of mind to possess methamphetamine. "If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *Bailey v. State*, 259 Ga. App. 293, 297 (5) (576 SE2d 668) (2003).

(b) Sherrer also argues that the trial court erred in failing to exclude the similar transaction evidence because the evidence was obtained in violation of his Fourth Amendment rights. He contends that the officer went to the residence without a warrant with the intent of searching for the drugs mentioned in the phone conversation, and that the methamphetamine the officer saw on the coffee table was not inadvertently discovered as required under the plain view doctrine. Pretermitting whether the similar transaction evidence was subject to exclusion on the grounds asserted (see *Wrigley v. State*, 248 Ga. App. 387, 392-393 (5) (546 SE2d 794) (2001) (considering appellant's claim that similar transaction evidence was precluded under the Fourth Amendment)), Sherrer does not show that the evidence was obtained through an illegal search and seizure. The officer was permitted to knock on Sherrer's door in the course of his investigation. "Where a police officer enters upon private property only to the extent of knocking on outer doors, the Fourth Amendment is not violated." (Citation and punctuation omitted.) *Pickens v. State*, 225 Ga. App. 792, 793 (1) (a) (484 SE2d 731) (1997). Since the officer

was in a place he was constitutionally allowed to be when he saw the drugs, this "was a lawful nonsearch plain view situation, supporting a finding of probable cause to suspect that contraband was in [the residence]." (Punctuation and footnote omitted.) *Boldin v. State*, 282 Ga. App. 492, 495 (2) (639 SE2d 522) (2006); see also *Kirsche v. State*, 271 Ga. App. 729, 732 (611 SE2d 64) (2005) (generally, plain view doctrine applies regardless of whether the officer expected or suspected that he would discover object seized).

In light of the foregoing, we conclude that the trial court did not abuse its discretion in allowing the similar transaction evidence.

2. Sherrer also claims that the trial court erred in denying his motion for a directed verdict of acquittal. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction." (Citation omitted.) *Shelton v. State*, 279 Ga. 161, 162 (3) (611 SE2d 11) (2005).

Sherrer argues that the evidence was not sufficient to connect him with the methamphetamine in the Nissan, which was where the trafficking amount of drugs was found, because evidence did not connect Sherrer with the vehicle or the residence where the vehicle was located, and that his mere presence at the scene cannot support his convictions. See OCGA § 16-13-31 (e) ("Any person who knowingly . . . has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine."). We disagree and conclude that the evidence authorized any rational trier of fact to find that Sherrer was knowingly in possession of the contraband. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

> Possession may be joint or exclusive and actual or constructive. Spatial proximity alone is insufficient to prove joint constructive possession of contraband. Mere presence, without proof of participation, is insufficient to support a conviction. Rather, the state must show that the defendant had the power and intent to exercise control over the [methamphetamine].

(Footnotes omitted.) *Stevens v. State*, 245 Ga. App. 237, 238 (1) (537 SE2d 688) (2000). "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Punctuation and footnote omitted.) *McKenzie v. State*, 283 Ga. App. 555, 558 (642 SE2d 187) (2007).

In this case, the methamphetamine was in a vehicle located in the driveway of the residence, appeared to have been there for some

time, and the residence was secured by an extensive surveillance system. Sherrer was seen trying to extinguish a fire which could be traced to a "meth lab" operating on the premises, and then hid when he realized police had arrived. See *Renner v. State*, 260 Ga. 515, 517 (3) (b) (397 SE2d 683) (1990) (evidence of defendant's flight can serve as circumstantial evidence of guilt). The similar transaction evidence showing that Sherrer had been in knowing possession of methamphetamine tended to rebut Sherrer's claim of "mere presence" at the scene of the crime. See *White v. State*, 225 Ga. App. 74, 76 (3) (483 SE2d 329) (1997). Smith, Sherrer's co-indictee, pled guilty to charges including trafficking methamphetamine, and although Smith testified that Sherrer was not involved, the jury was entitled to believe Smith's prior inconsistent statements showing that Sherrer and Smith were jointly engaged in a methamphetamine-related enterprise on the premises. See OCGA § 16-2-21 ("any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto"); *White v. State*, 278 Ga. 499, 500 (1) (604 SE2d 159) (2004) ("a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes") (citations and punctuation omitted).

Under the circumstances, the jury could connect both Sherrer and the Nissan to the premises, and conclude that Sherrer was actively involved in a criminal enterprise to possess the methamphetamine stashed inside the vehicle. "Actual physical possession is not required to prove trafficking when, as here, actual active participation in the possession of such illegal drugs so as to be a party to the crime of trafficking had been shown." (Citation omitted.) *Hammond v. State*, 255 Ga. App. 549, 553 (4) (565 SE2d 873) (2002). See also *McKenzie*, supra, 283 Ga. App. at 560 (where totality of the evidence was sufficient to connect the defendant to possession of drugs, the jury's verdict will be sustained).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 9, 2008 ▮

*Stemberger, Cummins & Arnall, William J. Stemberger, Jr.*, for appellant.

*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.