## A08A0279. WHITE v. THE STATE.
### (662 SE2d 757)

RUFFIN, Presiding Judge.

A jury found Ralph White guilty of possessing cocaine with intent to distribute.[1] In his sole enumeration of error on appeal, White contends that the trial court erred in admitting similar transaction evidence. We disagree and affirm.

Viewed in a light most favorable to the verdict,[2] the evidence shows that on June 29, 2000, Lieutenant Bill Watterson, a narcotics officer with the Newton County Sheriff's Department, was investigating White as a possible drug dealer. Using a confidential informant, Watterson arranged to have White deliver crack cocaine to the informant's residence. When White arrived, however, the informant did not answer the door, and White left in a vehicle driven by Tina Clay. Watterson subsequently stopped the car because neither White nor the driver was wearing a seat belt.

Watterson approached White, who was sitting in the passenger seat, and he noticed "white substance coming out of the corner of [White's] mouth." When Watterson asked what it was, White mumbled a response, and Watterson saw a plastic bag in White's mouth. Watterson ordered White to "spit it out," but White refused to comply. During a scuffle with law enforcement, a bag of cocaine fell out of White's mouth. White was then charged with obstruction of a police officer and possession of cocaine with intent to distribute.

During trial, the State presented evidence of a similar transaction. Walton County Sheriff's Deputy Thomas Coker testified that, in January 1991, he was working as an undercover narcotics officer when he purchased crack cocaine from White. According to Coker, he arranged to make the purchase through a confidential informant who paged White. White then arrived at a gas station in order to deliver the cocaine.

On appeal, White contends that the trial court erred in admitting the similar transaction evidence. Before the State may introduce similar transaction evidence, it first must make three affirmative showings: (1) that the evidence is being admitted for a proper purpose; (2) that the defendant committed the separate offense; and

---

[1] The jury also found him guilty of obstruction, and the trial court directed a verdict of *not guilty* with regard to a seat belt violation.

[2] See *Williams v. State*, 285 Ga. App. 190 (1) (645 SE2d 676) (2007).

(3) that the independent offense is sufficiently similar to the offense for which the defendant is on trial such that proof of the former tends to prove the latter.[3] "A decision to admit a similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion."[4]

According to White, the two crimes were not sufficiently similar to warrant admission of the similar transaction evidence. Here, the trial court admitted the similar transaction to prove course of conduct and intent, which are proper purposes for introducing similar transaction evidence.[5] And "[c]ourts must focus on the similarities of the occurrences rather than their differences, particularly when, as here, the purpose of the evidence is to establish intent, as opposed to identity."[6] "The number of similarities is not determinative, but rather the evidence is admissible when the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged."[7] It is undisputed that White was the perpetrator of both drug offenses. And both transactions involved White responding to a summons to deliver crack cocaine to a neutral location. Under these circumstances, the trial court did not abuse its discretion in admitting the similar transaction evidence.[8]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED MAY 22, 2008.

*Mary Erickson*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Layla V. Hinton, Assistant District Attorney*, for appellee.

---

[3] See *Sherrer v. State*, 289 Ga. App. 156, 157 (1) (656 SE2d 258) (2008).

[4] (Punctuation omitted.) Id.

[5] See *Curtis v. State*, 282 Ga. App. 322, 324 (2) (a) (638 SE2d 773) (2006).

[6] *Buckholts v. State*, 283 Ga. App. 254, 257 (2) (641 SE2d 246) (2007).

[7] (Punctuation omitted.) *Curtis*, supra at 324-325.

[8] See *Buckholts*, supra at 257-258; *Jackson v. State*, 252 Ga. App. 268, 271-272 (3) (555 SE2d 908) (2001).