**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 12, 2013**

# In the Court of Appeals of Georgia

A13A1015. OSORIO v. THE STATE.

RAY, Judge.

After a jury trial, Eduardo Osorio was convicted of trafficking in methamphetamine (OCGA § 16-13-31 (e)). He appeals his conviction and the denial of his motion for a new trial, contending that the trial court erred in denying his motion for directed verdict of acquittal. Osorio also contends that he had ineffective assistance of counsel. For the reasons that follow, we affirm.

1. Osorio contends that the trial court erred in denying his motion for a directed verdict because the State failed to prove Osorio's involvement in the crime beyond his mere presence in the vehicle where the drugs were found.

"The standard for reviewing a denial of a motion for a directed verdict of acquittal is the same test to be used when the sufficiency of the evidence is challenged, i.e., . . . whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense." (Footnotes omitted.) *Palencia-Barron v. State*, 318 Ga. App. 301, 302 (1) (733 SE2d 824) (2012). Further,

> [w]e view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. Moreover, an appellate court does not weigh the evidence or determine the credibility of witnesses. As long as there is some competent evidence, even though contradicted, on each element necessary to prove the [S]tate's case, the jury's verdict will be upheld.

(Footnotes and punctuation omitted.) Id.

So viewed, the evidence shows that on May 12, 2010, Officer Adam Belcher, a Bartow County sheriff's deputy assigned to the Bartow-Cartersville Drug Task Force, received information from a confidential informant about a drug supplier who could sell multiple ounces of methamphetamine. At Belcher's direction, the informant made three phone calls to the supplier, a man later identified as Jason Smith, to negotiate the purchase of methamphetamine. The phone calls were all recorded. The

2

informant arranged for the drug transaction to take place in the parking lot of a McDonald's restaurant in Bartow County.

Approximately two hours after the informant's initial phone call to Smith, an undercover officer drove the informant to the location where the drug transaction was to occur. A digital recording device was placed on the informant to record and simultaneously relay to the take-down team all verbal communications between the participants during the drug transaction, and the informant was instructed to provide a specific take-down signal once he observed the drugs.

When Smith and Osorio pulled into the parking lot, the informant got out of the undercover officer's car and got into the vehicle with Smith and Osorio. At that time, Smith was in the driver's seat, Osorio was in the front passenger seat, and the informant was in the rear passenger seat behind Osorio. Smith then got out of the vehicle, retrieved a bag from the trunk, and got back into the driver's seat. Approximately one minute later, the confidential informant gave the take-down signal, and law enforcement officers converged on the vehicle and placed Smith and Osorio under arrest. During the subsequent search of the vehicle, the police found

plastic baggies containing approximately three ounces of methamphetamine behind the front passenger seat.[1]

To establish that Osorio committed the offense of trafficking in methamphetamine as charged in this case, the State was required to prove that Osorio was a party to possessing the methamphetamine that was found in the vehicle. See OCGA § 16–13–31(e) ("Any person who knowingly . . . has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine"). It is not necessary that a defendant have actual and exclusive possession of the contraband; possession may be joint and constructive. *Sherrer v. State*, 289 Ga. App. 156, 159 (2) (656 SE2d 258) (2008).

Osorio argues that his mere presence in the vehicle and his spatial proximity to the drugs found therein were insufficient to support his conviction. However, the State's case was not limited to Osorio's presence and spatial proximity. At trial, an audio disc containing the recordings of the three phone calls setting up the drug transaction, as well as the recording of the actual transaction and subsequent take-

---

[1] At trial, the parties stipulated to the admission of a Georgia Bureau of Investigation crime lab report as evidence to establish that the substance tested positive for methamphetamine and had a net weight of 85.61 grams.

down, was played for the jury. In the recording of one of the phone calls, a voice with a Hispanic accent (identified at trial as Osorio's) was heard in the background stating "all I got is three [ounces of methamphetamine]."

Furthermore, Smith testified at Osorio's trial.[2] Although Smith testified that he had merely asked Osorio to ride along with him, that Osorio did not know anything about the methamphetamine, and that Osorio was not the person who was heard on the phone call stating "all I got is three," Smith acknowledged that he had told law enforcement (Belcher) immediately after the incident that he had gotten the drugs from Osorio and that Osorio was the one who had been heard on the phone call stating that he had three ounces of methamphetamine. A jury is not obligated to believe a witness's trial testimony and may accept or reject any portion of it. *Bryson v. State*, 293 Ga. App. 392, 394 (1) (667 SE2d 170) (2008). Inasmuch as Smith's trial testimony directly contradicted his previous statements to law enforcement, the jury was authorized to consider Smith's prior inconsistent statements as substantive evidence of Osorio's guilt. *Gober v. State*, 300 Ga. App. 202, 203 (1) (a) (684 SE2d 675) (2009). Accord *Sherrer*, supra at 160 (2) (Where a co-indictee who had

---

[2] Prior to Osorio's trial, Smith pled guilty to trafficking in methamphetamine for his involvement in the incident.

previously pled guilty to trafficking in methamphetamine testified at defendant's trial that defendant was not involved, the jury was entitled to believe the co-indictee's prior inconsistent statements showing that defendant was jointly engaged in the crime).

The evidence that Osorio had stated that he had three ounces of methamphetamine approximately two hours before the drug transaction, combined with the evidence that approximately three ounces of methamphetamine were found in the vehicle and that Osorio had provided the methamphetamine to Smith, shows that Osorio was more than merely present in the vehicle in close proximity to where the drugs were found. At a minimum, this evidence was sufficient to show that Osorio was a party to the offense of trafficking in methamphetamine. Accordingly, the trial court did not err in denying Osorio's motion for a directed verdict.

2. Osorio also contends that he received ineffective assistance of counsel at trial. To prevail on an ineffective assistance of counsel claim, a criminal defendant must show that his counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SCt 2052, 80 LEd2d 674) (1984). We

6

are not required to address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either one of them, and "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id at 697 (IV).

In considering the trial court's ruling on a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Hill v. State*, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012).

(a) Osorio argues that trial counsel was ineffective because he failed to request the identity of the confidential informant who participated in the drug transaction for the purposes of examining Osorio's role or involvement in the drug transaction. Osorio's argument fails, however, because his trial counsel *did* file a motion to reveal the identity of the confidential informant. Furthermore, the record shows that both Osorio and his trial counsel knew the identity of the confidential informant prior to trial, and that trial counsel investigated the informant's criminal history and elicited testimony from a prosecution witness at trial regarding the informant's prior drug

7

convictions. Thus, Osorio has failed to show that he was prejudiced by counsel's performance. See *Daniel v. State*, 306 Ga. App. 48, 54 (4) (701 SE2d 499) (2010) (Trial counsel's failure to demand a hearing on defendant's motion to reveal the identity of the confidential informant did not prejudice defendant and, therefore, did not constitute ineffective assistance of counsel, where defendant knew the identity of the confidential informant prior to trial).

Furthermore, the State's evidence against Osorio was largely based on the presence of Osorio's voice on the audio recordings of the drug transaction. Contrary to Osorio's argument, the confidential informant was not the only available witness who could amplify or contradict the State's evidence against Osorio. Smith, who was a party to the recorded conversations and a participant in the drug transaction, testified that the voice on the recordings was not Osorio's and that Osorio was not involved in the drug transaction at all. At the motion for new trial, Osorio's trial counsel testified that even if he had located the informant he may not have used him because Smith had testified favorably for the defense. In this case, trial counsel's decision to rely on the testimony of Smith was a matter of trial tactics and strategy which did not equate to ineffective assistance. Trial counsel's decisions about "what evidence to present or to forego in defending a client charged with a crime is a matter

of strategy and tactics." (Citation and punctuation omitted.) *Smith v. State*, 316 Ga. App. 175, 179 (2) (728 SE2d 808) (2012). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) Id.

(b) Osorio also argues that his trial counsel was ineffective in selecting the jury because he failed to request the full 15 minutes authorized by Uniform Superior Court Rule 11[3] to prepare for jury selection. Osorio has failed to cite any authority to show where a defendant's trial counsel has been deemed ineffective for failing to utilize the full 15 minutes before selecting the jury, and we find none. Further, we recognize that

> [t]here is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case.

(Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

---

[3] Uniform Superior Court Rule 11 provides, in part: "After completion of the examination of jurors upon their voir dire, the parties and their counsel shall be entitled, upon request, to 15 minutes to prepare for jury selection[.]"

The record shows that Osorio's trial counsel is a criminal defense attorney with 34 years of experience, having tried more than 300 criminal jury trials in his career. At the motion for new trial, trial counsel testified that he takes notes and uses a "scoring system" during voir dire to identify favorable and unfavorable jurors, and that his strategy is to identify the "nine worst jurors" on the panel. He testified that in some cases, depending on his notes, he asks for 10 or 15 minutes to prepare for jury selection. He further testified that, after questioning and rating the jurors in this case, he only needed five minutes to prepare for jury selection because he felt comfortable that he could make his decisions within that amount of time.

Although Osorio argues that "trial counsel's failure to fully, properly and effectively review his notes from voir dire" allowed two jurors with negative life experiences with drugs to be placed on the jury, Osorio has failed to show that trial counsel did not adequately prepare for jury selection. Further, Osorio has failed to show that trial counsel's decision regarding which prospective jurors to strike would have been different had he used the full 15 minutes to prepare for jury selection.

Lastly, Osorio has failed to show that there is a reasonable likelihood that the outcome of the trial would have been different had trial counsel struck those

10

particular jurors instead of two others. "The likelihood of a different result must be substantial, not just conceivable." (Citation omitted.) *Hill*, supra.

For the above reasons, Osorio's claims of ineffective assistance of counsel must fail.

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*