**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 30, 2017**

# In the Court of Appeals of Georgia

A17A0898. HARVEY v. THE STATE.

BETHEL, Judge.

Christopher David Harvey appeals the denial of his motion for a new trial, arguing that the trial court erred in several respects. Harvey argues that the trial court should have sustained his objection that the police sergeant who testified regarding items found on Harvey's person lacked personal knowledge. Accordingly, he contends that the admission of those items into evidence was error. Harvey further argues that the evidence was insufficient to support his convictions for possession of marijuana, possession of a firearm during a felony, and possession of a firearm by a convicted felon. Because the trial court did not err in overruling Harvey's objection to the police sergeant's testimony or the admission of the items, the evidence is sufficient to affirm his conviction for possession of marijuana. However, we agree

with Harvey that the evidence was insufficient to support his convictions for possession of a firearm during a felony and possession of a firearm by a convicted felon, and we reverse those convictions.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*McMullen v. State*, 325 Ga. App. 757, 758 (1) (754 SE2d 798) (2014) (footnote omitted). So viewed, the record shows that on March 20, 2015, the Warner Robins Police Department executed a search warrant on an apartment unit. After the front door was rammed open, an officer saw a black male run to a back bedroom. The officer kicked the bedroom door open, entered the room, and ordered the individual to the ground. The officer observed a gun on the floor next to where the individual was lying. The officer did not recall anyone else being present in the back bedroom at the time, and the officer did not search the individual or notice anything else aside from the firearm in the room. The officer could not recall the identity of the individual he detained in the back bedroom and did not identify Harvey as the person he

2

detained near the gun on the floor. Several other individuals were found in the apartment at the same time, some of whom were also arrested.

Sometime that evening (after the officer had pursued the individual to the back bedroom, apprehended the individual, and left the bedroom) a sergeant walked back to the room. There the sergeant saw several officers, as well as Harvey and another individual in custody on the floor. The sergeant observed several pieces of crack cocaine on the floor within approximately six to seven inches of Harvey, but did not see a gun near either of the individuals in custody on the floor. Rather, the sergeant observed the gun lying on the kitchen counter, which he testified was retrieved from the bedroom.[1] An additional gun was recovered from a backpack in the living room.[2]

At trial, the State asked the sergeant to recount the items recovered from Harvey. The defense objected, arguing that the sergeant lacked personal knowledge. After confirming that the sergeant neither conducted nor observed the search of Harvey, the trial court sustained the objection because the sergeant would have been relying on hearsay in giving his response. However, the trial court later permitted the

---

[1] There was no testimony at trial regarding who secured the gun found in the bedroom and placed it on the kitchen counter, or when.

[2] No evidence was presented at trial connecting the backpack to Harvey.

sergeant to testify, over defense counsel's objection,[3] as to the items he was handed pertaining to Harvey. The sergeant testified that he entered into evidence razor blades, cash, and marijuana, which were all obtained from Harvey's person.

The jury found Harvey guilty of possession of cocaine with intent to distribute, possession of an illegal substance within 1,000 feet of a housing project, possession of a firearm during the commission of a felony, possession of less than an ounce of marijuana, and possession of a firearm by a convicted felon. Harvey filed a motion for a new trial, which the trial court denied after a hearing.

1. (a) Harvey argues that the trial court erred by overruling his objection that the sergeant lacked personal knowledge that the razor blades, marijuana, and currency had been retrieved from Harvey's person. But our review of the record shows that the sergeant was asked whether he was "handed any items pertaining to Mr. Harvey[.]" Defense counsel objected "to the form" of the question on the basis that the sergeant "may not have personal knowledge that [the items] originated from Mr. Harvey." The trial court properly overruled the objection, as the question posed by the State—on its face—did not call for an answer outside the sergeant's knowledge. The sergeant

_____

[3] Defense counsel objected "to the form" of the question on the basis that the sergeant lacked personal knowledge that the items originated from Harvey.

participated in the investigation of the criminal activity at the residence (including a search of the premises) knew that a search of Harvey's person was occurring, and was present in the residence while the search was being conducted. The sergeant conceded at trial that he did not personally conduct or observe the search of Harvey's person, but was handed razor blades, cash, and a small bag of marijuana to enter into evidence.[4] The sergeant could therefore testify as to all of these facts based on his own personal knowledge, and the trial court did not abuse its discretion in overruling

---

[4] After the sergeant's responded that he was "present" while the searches were being conducted, the sergeant was asked:

> Okay, so, so you can't testify as to what, what may or may not have been discovered when he was searched then? You just know that he was arrested and it would have been protocol for them to have searched him?

The sergeant responded:

> Searched and then handed me any property that I then place in a bag and tag as the evidence and enter it into the evidence.

To our reading, the sergeant's testimony clearly accepts the premise of the question that he cannot testify as to what may or may not have been discovered when Harvey was searched.

5

Harvey's objection to the form of the question.[5] Although magic words are not needed to make a proper objection, Harvey must articulate his concern with sufficient specificity to inform the trial judge of the alleged error when objecting.[6] Harvey's objection to the form of the question was properly overruled.

(b) Harvey next argues that the admission of the razor blades and marijuana was error because the sergeant's lack of personal knowledge regarding the recovery of the items from Harvey's person[7] meant that a sufficient foundation for their admission was not established. In his brief before this Court, Harvey directs this Court's attention to OCGA § 24-9-901 (a), regarding authentication — an objection he did not raise at trial.[8] Because Harvey did not make a foundational objection based on authentication at trial, he cannot claim error on this basis on appeal. *See Locke's Graphic & Vinyl Signs, Inc. v. Citicorp Vendor Finance, Inc.*, 285 Ga. App. 826, 828

---

[5] We review the trial court's admission of testimony for abuse of discretion. *See McDaniel v. State*, 263 Ga. App. 625, 630 (2) (588 SE2d 812) (2003).

[6] *See Ellis v. State*, 287 Ga. 170, 172 (695 SE2d 35) (2010).

[7] The sergeant had knowledge as to whether the razor blades and marijuana were the same ones he entered into evidence at the scene. But the record does not establish that the sergeant had personal knowledge as to whether the items were actually found in Harvey's pockets.

[8] Harvey also did not raise any objection as to hearsay or chain-of-custody.

6

(2) (a) (648 SE2d 156) (2007) ("An argument not raised in the trial court is waived and cannot be raised for the first time on appeal."). Further, while a lack of personal knowledge may be a valid foundational objection for a witness's testimony, *see Tolver v. State*, 269 Ga. 530, 532 (2) (500 SE2d 563) (1998), it is physical evidence, not witness testimony, that is in issue. Harvey points us to no other authority requiring us to prohibit the admission of physical evidence where the witness laying the foundation lacks personal knowledge that the evidence was obtained off the defendant's person. Therefore we cannot say the trial court erred in overruling his objection to the admission of the razor blades and marijuana into evidence.

(c) Harvey also argues that the evidence is insufficient to support his conviction for possession of less than an ounce of marijuana because the sergeant who testified as to Harvey's possession lacked personal knowledge. Again, we disagree.

Under OCGA § 16-13-30 (j) (1), it is unlawful for any person to possess marijuana. At trial, the sergeant testified that marijuana was taken from Harvey's

pocket and entered into evidence. Harvey did not object to this testimony,[9] and the marijuana was later admitted into evidence over Harvey's objection. The question of whether the marijuana was possessed by Harvey was a question of fact for the jury, and the evidence was sufficient to conclude beyond a reasonable doubt that Harvey was guilty of possession of less than one ounce of marijuana. *See Johnson v. State*, 299 Ga. App. 706, 711 (1) (e) (683 SE2d 659) (2009) (evidence sufficient where marijuana was found in defendant's pocket during arrest); *Sirmans v. State*, 301 Ga. App. 756, 756 (1) (688 SE2d 669) (2009) (same).

2. (a) Harvey argues that the evidence is insufficient to support his conviction for possession of a firearm during the commission of a felony. We agree.

OCGA § 16-11-106 (b) provides that it is unlawful for a person to have "on or within arm's reach of his or her person a firearm" during the commission of certain drug-related crimes. Harvey was convicted of having a gun "within arm's reach of his person." Harvey's conviction cannot be sustained unless there was evidence that he had immediate access to the weapon while possessing cocaine with intent to distribute. *See Clyde v. State*, 298 Ga. App. 283, 285-86 (2) (680 SE2d 146) (2009);

---

[9] Harvey's only objection was made earlier in the colloquy and was limited to the form of a question posed to the sergeant, as detailed in Division 1 (a).

*see also Davenport v. State*, 308 Ga. App. 140, 148 (1) (c) (706 SE2d 757) (2011) ("when a defendant is charged under this statute, the evidence is sufficient to sustain a conviction when it is shown at trial that a firearm was within arm's reach of the defendant at any point during the commission of the crime, thus giving the defendant immediate access to the weapon"). The State need only prove that the "defendant passed even momentarily within arm's reach of the gun." *Gibson v. State*, 223 Ga. App. 103, 103 (1) (476 SE2d 863) (1996).

There is no evidence showing that Harvey had a gun on his person. Rather, the gun was retrieved from the bedroom where it was found next to an *unidentified individual*.[10] Testimonial evidence established that at some point afterwards, Harvey was found in the room (with another person in custody) and the crack cocaine was found next to him. While Harvey does not appear to dispute his possession of the crack cocaine, there is no evidence showing that Harvey, as opposed to some other person, exercised dominion over the gun. Therefore, we must reverse this conviction. *See Clyde*, 298 Ga. App. at 285-86 (2) (reversing conviction where there was no

[10] The officer who first entered the bedroom, detained the individual, and observed the gun next to that individual did not identify Harvey as the person he detained. The only other testimony establishing that Harvey was in the bedroom came from the sergeant, who also observed another detained individual in the bedroom and did not observe a gun in the room.

evidence presented as to the distance between the firearm and the drugs). *Compare Gibson*, 223 Ga. App. at 103 (1) (defendant's possession of cocaine and of the firearm established by his dominion over his residence).

(b) Finally, Harvey argues that the evidence is insufficient to support Harvey's conviction for possession of a firearm by a convicted felon because the evidence fails to prove beyond a reasonable doubt that the firearm was in his possession. We agree.

In order to violate OCGA § 16-11-131 (b), Harvey needed only to possess, not to own, the gun in question. *Parramore v. State*, 277 Ga. App. 372, 373 (626 SE2d 567) (2006). "Possession can be either actual or constructive." *Id.* "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." *Mantooth v. State*, 335 Ga. App. 734, 735 (1) (a) (783 SE2d 133) (2016) (citation omitted). Here, there is no evidence that Harvey had direct physical control over the gun because the witness testimony fails to establish the identity of the person next to whom the gun was found.

It is undisputed that Harvey was found in the apartment where two guns were located. The State was therefore required to prove constructive possession. "A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive

possession of it." *Parramore*, 277 Ga. App. at 373 (citation omitted). Constructive possession may be proved by circumstantial evidence. *Id.* "As long as there is slight evidence of access, power, and intention to exercise control or dominion over the contraband, the question of fact regarding constructive possession remains within the domain of the trier of fact." *Mantooth*, 335 Ga. App. at 736 (1) (a) (citation omitted). But "[m]erely finding contraband on premises occupied by the defendant does not support a conviction if the evidence shows that persons other than the defendant had equal opportunity to commit the crime. Likewise, mere spatial proximity between the defendant and the contraband will not support a finding of constructive possession." *Peterson v. State*, 252 Ga. App. 469, 471 (2) (556 SE2d 514) (2001) (footnotes omitted).

The gun Harvey was charged with possessing was found on the bedroom floor next to an unidentified individual. A sergeant testified that a couple of papers bearing Harvey's name were found in the closet of that bedroom, but Harvey's name did not appear on the lease for the apartment and there was no evidence that Harvey had any clothing or personal items there. *Compare Peterson*, 252 Ga. App. at 471-72 (2) (no evidence that defendant had any clothing or personal items in the apartment where guns were found). Thus, the only evidence linking Harvey to the gun, other than his

11

proximity to it, was the discovery of paperwork bearing his name in a closet of the apartment. This circumstantial evidence does not provide a link between Harvey and the gun, nor does it exclude the possibility that the gun belonged to others present in the apartment — such as the other individual detained in the bedroom or those individuals found in the living room. Accordingly, the conviction of possession of a firearm by a convicted felon must be reversed. *See Peterson*, 252 Ga. App. at 471-72 (2) (reversing conviction of possession of a firearm by a convicted felon where defendant fled to a bedroom following officer's entry into apartment and officers discovered firearms in that bedroom closet as well as paperwork bearing defendant's name).

*Judgment affirmed in part and reversed in part. McFadden, P. J.,concurs specially in Division 1 and fully in Division 2. Branch, J., concurs in Division 1 in judgment only and fully in Division 2.*

A17A0898. HARVEY v. THE STATE.

McFADDEN, Presiding Judge, concurring fully in part and specially in part.

I concur fully in Division 2 of the majority opinion, but only in the judgment of Division 1. In my opinion, the analysis in Division 1 is unnecessary because the arguments addressed there are founded on appellant Harvey's misreading of the evidence.

Those arguments are founded on Harvey's contention that the state failed to establish that the testifying sergeant had personal knowledge that certain items — razor blades, marijuana and currency — had been found on Harvey's person. The majority accepts that contention, finding that the sergeant "conceded at trial that he did not personally conduct or observe the search of Harvey's person[.]" But the sergeant did not so concede.

It is true that when the trial court asked, "Did he see it come out of [Harvey's] pocket?", the sergeant replied, "No, sir." But the antecedent of "it" is not the items at issue, but rather "[s]everal crack cocaine rock pieces lying on the floor to the side of Mr. Harvey."

Subsequently, and before testifying that the items at issue "were removed from Mr. Harvey's pocket[s]," the sergeant testified that he did personally observe the search of Harvey's person. When asked if he saw the search being conducted, the sergeant testified:

> Throughout the entire apartment I was present at the time all subjects arrested and not arrested were searched. I was within two to three feet of every individual being searched; however, witnessing that with my own eyes being present in the room, yes, sir, nearby but exactly saying what was taken from his person and not told by the officer that conducted the search.

Thus, contrary to the faulty factual premise of the appellant's arguments accepted in Division 1 of the majority, the record shows that the sergeant was not relying on hearsay from the officer who conducted the search, but instead was testifying from his own personal knowledge based on having witnessed the search of Harvey. Accordingly, although I disagree with the analysis of the issues addressed in Division 1, I agree with the majority's conclusions that the trial court correctly

2

overruled the evidentiary objections in question and that there was sufficient evidence to support the marijuana conviction.